395 So.2d 625 (1981)
Willie Fredrick SIMPKINS, Appellant,
v.
STATE of Florida, Appellee.
No. UU-40.
District Court of Appeal of Florida, First District.
March 25, 1981.
*626 Michael J. Minerva, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and A.S. Johnston, David P. Gauldin and Miguel A. Olivella, Jr., Asst. Attys. Gen., for appellee.
PER CURIAM.
Appellant, convicted of the offenses of burglary of a dwelling, sexual battery by the use of force and violence likely to cause serious personal injury, and kidnapping, seeks reversal of the kidnapping conviction on the ground that the evidence was insufficient to support that charge. We agree and reverse.
The victim testified that she was awakened in her apartment to find appellant in her bedroom, at which point she was physically assaulted by appellant. Appellant then pulled her from the bedroom into the living room, where he had forcible sexual intercourse with her. We hold that appellant's removal of the victim from the bedroom to the living room during the course of this criminal episode did not constitute the separate offense of kidnapping within the meaning of the statute, Section 787.01, Florida Statutes. The same result was reached by this court in Friend v. State, 385 So.2d 696 (Fla. 1st DCA 1980), under facts even stronger than those presented here. We adopt the same reasoning as did the court in the Friend case, and find that the circumstances with respect to the "confining, abducting, or imprisoning" (Section 787.01(1)(a), Florida Statutes) were "without independent significance," and that these actions were "not materially different from the restraint necessarily involved" in the commission of the sexual battery offense. (Id. at 697)
While we do not rule out a conviction of kidnapping as an incident to a sexual battery, we do conclude that the confinement or imprisonment here is essentially indistinguishable from the acts constituting the sexual battery itself, and further, that the mere removal of the victim from the bedroom to the living room of her own apartment, without more, did not constitute an abduction within the meaning of the statute.
The conviction and sentence for kidnapping is REVERSED.
LARRY G. SMITH and THOMPSON, JJ., and OWEN, WILLIAM C., Associate Judge (Ret.), concur.