426 So.2d 963 (1983)
Matthew FAISON, Petitioner,
v.
STATE of Florida, Respondent.
STATE of Florida, Petitioner,
v.
Matthew FAISON, Respondent.
Nos. 60792, 60782.
Supreme Court of Florida.
February 10, 1983.
*964 Marsha L. Lyons, Sp. Asst. Public Defender, Coral Gables, for Faison.
Jim Smith, Atty. Gen., and Anthony C. Musto and Calianne P. Lantz, Asst. Attys. Gen., Miami, for the State.
McDONALD, Justice.
This case is before us on cross-petitions to review a decision of a district court, reported at 399 So.2d 19 (Fla. 3d DCA 1981). Because that decision conflicts with State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), and Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980), we have jurisdiction.[1]
Faison was convicted of five offenses committed during the course of separate sexual attacks on two women. After discovering that the only employee present in a small contractor's office was the receptionist, Faison entered the office and attacked the young woman. To do so, he dragged her from her desk in front of a large window to the rear of the office where he sexually assaulted her. He then forced her into a nearby restroom and raped her again.
About ten minutes later, the receptionist spotted Faison across the street, and her employer attempted to stop him. Faison escaped into a residential area and broke into the home of another young woman. He attacked her and violently dragged her from the kitchen down a hallway into the bedroom. The two continued to fight until the woman was nearly unconscious; Faison then sexually assaulted her.
The jury convicted Faison of two counts of kidnapping, two counts of sexual battery, and one count of first-degree burglary.[2] The court sentenced him to three consecutive 99-year prison terms for the kidnappings and burglary and suspended the sentence on the two sexual battery convictions. The trial judge, citing Faison's nine prior felony convictions, found him to be a serious threat and a danger to society and entered an order retaining jurisdiction over Faison for the first third of his sentence.[3] The Third District Court of Appeal upheld the convictions and sentences for both kidnappings,[4] but reversed the conviction for the sexual battery committed during the burglary of the home on the authority of State v. Pinder, 375 So.2d 836 (Fla. 1979). Both the state and Faison sought review in this Court.
The state questions the district court's decision to vacate the sexual battery conviction. Faison was convicted of both first-degree burglary, that is, burglary of the victim's home and making an assault upon her, and the sexual battery which constituted the assault in the burglary charge. Relying on Pinder, the district court found the sexual battery to be a necessary element of the first-degree burglary and vacated the conviction.
Subsequent to Pinder, we decided State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). In Hegstrom this Court decided that it is permissible to convict a defendant of both felony murder and the underlying felony but that only one sentence, for the *965 greater offense, is proper. In the instant case the sexual battery was charged as the underlying assault in the first-degree burglary count. Faison was found guilty of both the burglary and the sexual battery, but was sentenced only for the burglary. Distinct crimes were committed, and the conviction for the sexual battery was proper.
Faison seeks disapproval of his kidnapping convictions on the grounds that the victims' detention and confinement were merely incidental to and were not materially different from the detention necessarily involved in the course of the sexual batteries. He was convicted under subsection 787.01(1)(a)2, Florida Statutes (1979),[5] which provides that kidnapping means to forcibly, secretly, or by threat, confine, abduct, or imprison another person against his will with the intent to commit or facilitate the commission of any felony. Sexual battery is a felony, so the issue is whether the threats and force used to transport the victims, and their subsequent detention, constitute a separate crime of kidnapping.
In Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980), the Fifth District Court of Appeal construed section 787.01 and reasoned that, if it were literally applied, it would convert every first-degree robbery and every forcible rape into two life felonies. The court, using the test enunciated in State v. Buggs, 219 Kan. 203, 547 P.2d 720 (1976), went on to find that a kidnapping had occurred. Several courts have subsequently applied the Harkins construction of Buggs with seemingly inconsistent results.[6]
In the instant case the district court also applied the test found in Buggs, where the Supreme Court of Kansas construed the Kansas kidnapping statute and established these requirements:
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
219 Kan. at 216, 547 P.2d at 731. In applying the facts of the instant case to these requirements the district court reasoned:

*966 Each of the separate episodes involved in this case conforms with these requirements.
(a) The movements of both victims were effected by substantial force and violence inflicted by Faison to overcome their resistance and to make them to go where he wanted. It cannot be said, therefore, that the asportations were either slight, inconsequential or merely incidental to the sexual batteries which followed.
(b) These movements were not inherent or necessarily required in the commission of the sexual batteries, which could have been accomplished on the spot without any asportation whatever.
(c) Both abductions were from an area where the rape could have been more easily observed through a window  in the first victim's office, and the second one's kitchen  to the "relative seclusion" of the rear and restroom of the office and the bedroom of the home, respectively. Moreover, each asportation removed the victim from access to a door  again, in the office and in the kitchen  through which she might have escaped. Hence, each made the sexual battery substantially easier to commit and substantially reduced the danger of detection. Compare, Simpkins v. State, [395 So.2d 625 (Fla. 1st DCA 1981)] (mere forced movement from bedroom to living room to accomplish sexual battery not kidnapping). The fact that relatively short distances were involved makes no difference.
399 So.2d at 21-22 (citations omitted, footnote omitted, emphasis in original).
Subsequent to the district court decision in the instant case, this Court interpreted section 787.01 in Mobley v. State, 409 So.2d 1031 (Fla. 1982). In Mobley we observed that a literal construction of subsection 787.01(1)(a)2 "would apply to any criminal transaction which inherently involves the unlawful confinement of another person, such as robbery or sexual battery." Id. at 1034. We then adopted the view that subsection 787.01(1)(a)2 did not apply to unlawful confinements or movements that were merely incidental to other felonies, but recognized an exception in the case of hostages.
Because of the facts in Mobley, we did not consider the standard to be applied in determining whether a particular movement or detention constituted kidnapping. After reviewing the decisions of our district courts[7] and the courts of other jurisdictions,[8] we are persuaded that the district court reached the correct result in the instant case. We do not approve, however, of the language and reasoning used by the court in note 2 to Faison, where the third district, apparently, argues for a literal interpretation of subsection 787.01(1)(a)2. We find that Harkins sets out the proper construction of the kidnapping statute, i.e.,
that "confining, abducting, or imprisoning another person ... with intent to commit or facilitate commission of any felony" does not include movement or confinement that is inconsequential or inherent in the nature of the felony.
380 So.2d at 528. We therefore approve Harkins and the Buggs test.
As hereinabove recited, the holding of the district court concerning Faison's conviction for sexual battery is quashed; the holding affirming the convictions for kidnapping is approved.
It is so ordered.
OVERTON, EHRLICH and SHAW, JJ., concur.
ALDERMAN, C.J., concurs in result only with an opinion, in which ADKINS, J., concurs.
BOYD, J., concurs in part and dissents in part with an opinion.
*967 ALDERMAN, Chief Justice, concurring in result only.
I concur only in the result of this opinion affirming the convictions for kidnapping and quashing the district court's holding concerning Faison's conviction for sexual battery. By approving the Fifth District's construction of section 787.01(1)(a)2 in Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980), the majority is rewriting the statute. I would approve the rationale of the decision of the Third District Court presently before us and particularly the language and reasoning contained in note 2 of its decision. The Third District determined that the facts in the present case met the criteria for establishing kidnapping under the Kansas statute that were set out in State v. Buggs, 219 Kan. 203, 547 P.2d 720 (1976), and subsequently recognized by the Fifth District and the First District as a proper interpretation of our kidnapping statute. It therefore found it unnecessary to pass on the validity of the statutory interpretation in Harkins v. State, Friend v. State, 385 So.2d 696 (Fla. 1st DCA 1980), and Simpkins v. State, 395 So.2d 625 (Fla. 1st DCA 1981). It did, however, question the correctness of these interpretations. It emphasized that Florida's statute is significantly broader than the Kansas statute involved in Buggs, pointing out that "the present Kansas statute requires an abduction or confinement with the intent to `facilitate flight or the commission of any crime.' K.S.A. 21-3420(b). § 787.01(1)(a)2, on the other hand, requires an intent either to `commit or facilitate commission of any felony.' (e.s.) Under statutes like ours, it has been widely held, apparently by a majority of the jurisdictions which have considered the question, that it is the fact of any forcible movement or confinement with the forbidden felonious intent  regardless of its length, distance or purpose  which constitutes kidnapping." Faison v. State, 399 So.2d 19, 20 n. 2 (Fla. 3d DCA 1981).
The Third District also pointed out that the Harkins-Friend-Simpkins view of Florida's kidnapping statute is incongruous with section 775.021(4), Florida Statutes (1979), which provides "[w]hoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode... ." Finally, it expressed grave doubts about the wisdom of the statement made in Buggs, quoted in Harkins, and adopted in Simpkins that "`[t]he removal of a rape victim from room to room within a dwelling solely for the convenience of the rapist is not a kidnapping.'" 399 So.2d at 21 n. 2. It correctly concludes that we should not be so willing to accommodate the convenience of a rapist.
Although the facts of this case meet the test announced in Buggs and recognized in Harkins, Friend, and Simpkins, this is not the appropriate test in Florida. Florida's kidnapping statute is broader than the Kansas statute, and the requirements announced in Buggs are more stringent than Florida's requirements. The majority, in adopting standards more stringent than required by the legislature, has, in effect, rewritten this statute. This we cannot do. I would not find the general statements in Mobley v. State relative to the unfeasibility of the literal construction of section 787.01(1)(a)2 to be controlling precedent here. In Mobley, we were concerned only with situations where prisoners have confined persons against their will with the intent of escaping from prison and the special problems which these situations present.
Accordingly, I would approve the decision of the Third District Court of Appeal.
ADKINS, J., concurs.
BOYD, Justice, concurring in part and dissenting in part.
I agree with the majority opinion that the district court erred in reversing one of the sexual battery convictions. The crime of sexual battery in the home was a separate offense from the crime of burglary. Separate convictions and sentences are proper. I disagree, however, with the majority's conclusions concerning the kidnapping convictions, and I must respectfully dissent.
*968 The majority opinion, like the opinion of the court below, explicitly accepts the principle that confinements and abductions that are merely incidental to the commission of other crimes do not constitute kidnapping. The standards which the district court used to apply the principle, however, and the results that it reached, are erroneous. I dissent to the majority's approval of those standards and results.
In Mobley v. State, 409 So.2d 1031 (Fla. 1982), we observed that if subsection 787.01(1)(a)2, Florida Statutes (1979), were construed literally, "this subsection would apply to any criminal transaction which inherently involves the unlawful confinement of another person, such as robbery or sexual battery." 409 So.2d at 1034. With regard to the fact situation in the present case, I do not believe that the confinements and removals of the victims were of sufficient separate significance to constitute the separate offenses of kidnapping.
Many courts, construing statutes similar to ours, have declined to apply them literally where such application would turn a confinement incidental to another crime into the separate crime of kidnapping. See, e.g., People v. Daniels, 71 Cal.2d 1119, 459 P.2d 225, 80 Cal. Rptr. 897 (1969); State v. Buggs, 219 Kan. 203, 547 P.2d 720 (1976); State v. Ware, 63 Ohio St.2d 84, 406 N.E.2d 1112 (1980). It has even been suggested that a literal application of such a statute may lead to a kind of "stacking" of criminal convictions based on a single offense in violation of due process principles. See, e.g., People v. Bridges, 199 Colo. 520, 612 P.2d 1110 (Colo. 1980); People v. Adams, 389 Mich. 222, 205 N.W.2d 415 (1973); State v. Morris, 281 Minn. 119, 160 N.W.2d 715 (1968); State v. Fulcher, 34 N.C. App. 233, 237 S.E.2d 909 (1977), cert. dismissed, 294 N.C. 503, 243 S.E.2d 338 (1978).
Where one is accused of a crime other than kidnapping that inherently involves some degree of involuntary detention, confinement, or removal, a charge and conviction of the separate crime of kidnapping should only be allowed when the detention, confinement, or removal takes on sufficiently independent significance to justify the separate charge and conviction. This principle guards against the improper literal application of the statutory language and facilitates applying the statute according to the true legislative intent. In determining whether an abduction or confinement has sufficient independent significance, a court should consider the location, duration, method, manner, and purpose of the abduction or confinement. These factors should be considered not only in the light of whether the abduction or confinement facilitates the commission of another crime, but also, and principally, in light of whether the factors expose the victim to a risk of physical or mental harm substantially greater than the risk of harm ordinarily encountered by the victim of the forcible felony being committed, such as robbery or sexual battery.[*]
Applying these principles to the present case I conclude that there is no basis for separate kidnapping convictions. One of the main reasons why society views kidnapping as such a serious offense and prescribes severe penalties for its commission is the danger, terror, uncertainty, and helplessness experienced by the victim and the victim's loved ones. Therefore the duration of the abduction or confinement is an important factor in determining whether there has been a kidnapping. The longer the duration, the greater is the exposure of the victim to the danger of violence and the more terror, uncertainty, and violence the victim feels.
In the present case the abductions and confinement of the victims was of minimal duration. In each instance Faison spent only as much time with the two victims as was involved in committing the sexual batteries against them. The significance of the short duration of the ordeals of the women is that it strongly suggests that *969 neither victim was exposed by the confinement to a significantly greater risk of harm than was inherent in the crime of rape itself.
The location of the confinement after removal and the distance of the abduction are also significant considerations because a victim probably feels more terror, uncertainty, and helplessness, and is exposed to more danger in unfamiliar surroundings than in a familiar place. The perpetrator is more likely to abuse or harm the victim in an isolated area than in the victim's home or workplace. In the present case the abductions were from one room to another and the confinements were in familiar places. One victim was assaulted in her home, the other in her office. In both instances the victims were in familiar surroundings and were certain that someone they knew would be returning there that day. Therefore, they faced less danger and uncertainty than they would have had they been abducted a greater distance or confined in a place where their chances of being discovered and receiving help would have been reduced.
Another significant factor is the manner or method of the abduction or confinement. Of course the victims were subjected to the use or threat of physical force when they were raped. But in considering whether the separate crime of kidnapping has been committed, a court should look at the use of physical force beyond that which inheres in the crime of sexual battery alone. In the present case neither victim was bound or gagged or locked in an automobile trunk or a closet. In other words, neither victim was rendered completely helpless in a way that was significantly independent of the rape itself.
A final consideration is whether the purpose of the abduction or confinement attains independent significance or substantially increases the risk of harm to the victim. While practically all instances of sexual battery include a minimal amount of movement of the victim, the purpose of which is to make the crime harder to detect while it is being committed, I do not believe that such movement, which inheres in the crime of sexual battery itself, substantially increases the risk of harm to the victim. Instead, the risk of harm is substantially increased only if the abduction or confinement of the victim, serving to prevent detection or to facilitate the perpetrator's escape, occurs after the sexual battery has been committed or if the perpetrator uses the victim as a shield or hostage. In the present case neither victim was abducted or confined for any reason other than to make the commission of the crime of sexual battery possible through movement from one room to another. The confinement did not continue after the sexual battery had occurred, and neither victim was used as a hostage.
Since the evidence does not show that the victims were subjected to a substantial increase in risk of harm, either by the duration, location, distance, manner, method, or purpose of the abductions or confinements, I must conclude that the abductions and confinements of the victims were merely incidental to the crimes of sexual battery and did not attain a sufficient independent significance to justify the convictions for kidnapping.
It should be understood that I take this position not out of concern for the rapist or to accommodate his convenience, but because criminal laws, if they are to retain their deterrent force, must not be applied overbroadly. The deterrent effect of a criminal law depends on its being applied with surgical precision to the situation the legislature intends to cover. If rapists and robbers can be encouraged to detain, confine, or move their victims no more than is necessary to commit rape or robbery, and to leave them at the scene of the crime, having been moved only a room or two away from where first encountered, the kidnapping statute will have served one of its purposes. But if all rapists and robbers are held to be kidnappers too, then the additional deterrent force of the kidnapping law is lost on one who has already decided to commit rape or robbery.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] § 787.01(1)(a)2, Fla. Stat. (1979) (kidnapping); § 794.011, Fla. Stat. (1979) (sexual battery); § 810.02(2)(a), Fla. Stat. (1979) (burglary).
[3] § 947.16, Fla. Stat. (1979).
[4] 399 So.2d 19 (Fla. 3d DCA 1981).
[5] § 787.01 reads as follows:

(1)(a) "Kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
4. Interfere with the performance of any governmental or political function.
(b) Confinement of a child under the age of 13 is against his will within the meaning of subsection (1) if such confinement is without the consent of his parent or legal guardian.
(2) Whoever kidnaps a person is guilty of a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084.
[6] Faison v. State, 399 So.2d 19 (Fla. 3d DCA 1981) (kidnapping affirmed, rape victim's removal from front of office to rear and from kitchen to bedroom not inherent or necessarily required in the commission of the sexual batteries); Simpkins v. State, 395 So.2d 625 (Fla. 1st DCA 1981) (kidnapping reversed, rape victim's removal from bedroom to living room was without independent significance and not materially different from restraint involved in sexual battery); Ayendes v. State, 385 So.2d 698 (Fla. 1st DCA), review denied, 392 So.2d 1371 (Fla. 1980), (attempted kidnapping affirmed, confinement in victim's own home with further detention during escape threatened); Friend v. State, 385 So.2d 696 (Fla. 1st DCA 1980) (kidnapping reversed, confinement of four employees in a bathroom for approximately five minutes during robbery was without independent significance in that it was not materially different from the restraint necessarily involved in the felony of armed robbery); Bass v. State, 380 So.2d 1181 (Fla. 5th DCA 1980) (kidnapping affirmed, abduction in automobile not inconsequential nor inherent in sexual battery).
[7] See infra note 6.
[8] See cases collected at Annot., 43 A.L.R.3d 699 (1972) and 1981 supplement at 40-48.
[*] I do not accept the suggestion made in the opinion of the court below that taking this position indicates a willingness "to accommodate the `convenience' of a rapist or any other criminal by excusing any additional offense he may commit in order to indulge his personal tastes and predilections." Faison v. State, 399 So.2d 19, 21 n. 2 (Fla. 3d DCA 1981).