PER CURIAM.
Where, as in the present case, the defendant was charged with kidnapping with intent to “inflict bodily harm upon or to terrorize the victim,” see § 787.01(l)(a)3, evidence that the defendant uttered the words, “walk over, otherwise you are going to die,” and, with knife in hand, forced the victim to walk away from an airline counter, and that the defendant, when a struggle ensued after he and the victim had proceeded some twenty feet from the counter, brandished another knife and yelled, “this man is going to die, this man has to die,” was sufficient to support a conviction of the offense charged. We need not decide the merits of the appellant’s contention that the evidence was insufficient to support a conviction of kidnapping with intent to “commit or facilitate commission of any felony” under Section 787.01(l)(a)2, see Faison v. State, 426 So.2d 963 (Fla.1983), since the State, without objection or request for more particular specification, charged Dopazo with kidnapping in violation of Sections 787.01(1)(a)2 and 3, cf. Mills v. State, 407 So.2d 218 (Fla. 3d DCA 1981) (where State charged defendant with kidnapping with the single intent to hold the victim for ransom and reward, that intent and no other must be proved to support the charge), and the jury, correctly instructed with respect to Section 787.01(1) (a)3, found the defendant guilty.
Affirmed.