PER CURIAM.
Jenkins was charged by a three count indictment with (I) first degree murder,[1] (II) armed burglary,[2] and (III) kidnapping with intent to facilitate the commission of a robbery.[3] He was tried and convicted on all three counts. By this appeal, Jenkins challenges only the kidnapping conviction on the single ground that there was insufficient evidence to support the charge and conviction of a kidnapping allegedly committed “with the intent to ... facilitate the commission of a ... robbery.” We agree and reverse the kidnapping conviction.
*604 In Mobley v. State, 409 So.2d 1031 (Fla.1982), the Court held that a literal construction of subsection 787.01(l)(a)2 would render the statute unconstitutional because it “would apply to any criminal transaction which inherently involves the unlawful confinement of another person such as robbery or sexual battery.” Id. at 1034. Therefore, the Court held that the section does not apply to unlawful confinements or move-ments that are merely incidental to other felonies.[4]
In the present case, there were no witnesses to the crime and the defendant did not testify.[5] The evidence upon which appellant was convicted consisted almost entirely of expert testimony that fibers, hair and blood samples found at the scene of the crime matched fibers, hair and blood samples found on appellant’s clothes and in his room. Appellant’s roommates also testified about his comings and goings on the night in question and about what he was wearing. There was no evidence of the sequence of events as they occurred on that night. The victim’s son testified that he found her body bound and gagged on the floor of her ransacked house the following morning. However, there is no evidence of when the victim was tied up or for how long, or how long she lived after being bound. It is therefore impossible to determine whether or not the confinement was accomplished with an intent to facilitate the commission of a robbery. The record evidence is, instead, entirely consistent with a supposition that the victim was murdered immediately, so that, in this case, her confinement before death was inconsequential in the commission of further criminal acts. See Faison, supra. Because the record does not establish that the confinement was not merely incidental to another felony, _we reverse the kidnapping conviction. The murder and burglary convictions are affirmed.
ROBERT P. SMITH, Jr., C.J., and WENTWORTH and ZEHMER, JJ., concur.

. § 782.04(l)(a), Fla.Stat. (1981).

. § 810.02(2)(b), Fla.Stat. (1981).

.§ 787.01(l)(a)2, Fla.Stat. (1981).

. See also Faison v. State, 426 So.2d 963 (Fla.1983), adopting the standard to be applied in determining whether a particular movement or detention constitutes kidnapping.

. Appellant apparently had an accomplice, but he did not testify.