HERSEY, Chief Judge.
Michael Bush appeals the lower court’s final judgment adjudicating him guilty of one count of attempted first-degree murder, one count of kidnapping, three counts of sexual battery and one count of robbery. He also challenges his sentence, which constituted an upward departure from the guidelines, and the imposition of costs. We affirm the convictions but reverse the sentence, strike the imposition of costs, and remand for resentencing.
At trial, the victim testified that on October 20, 1986, at about 9:45 a.m., she was driving north on U.S. 1 when her car had a flat tire. She got out and started to walk north on the east side of the road. While she was walking, appellant passed by her on a bicycle and made a psst! noise, but she ignored him and kept walking. Shortly thereafter she heard three heavy steps like running, then appellant hit her in the back and grabbed her around the chest. She screamed, kicked and struggled, but could not get away. Appellant dragged her back into the woods by the side of the road and threw her down and choked her to a state of unconsciousness. She awoke to find him tugging on her pants, and he thereafter committed the sexual batteries.
Appellant seeks reversal of the kidnapping conviction on the ground that the victim’s detention and confinement were merely incidental to and were not materially different from the detention necessarily involved in the course of the sexual batteries. The provision of the kidnapping statute relating to confining, abducting, or imprisoning another person with intent to commit or facilitate commission of any felony does not include movement or confinement that is inconsequential or inherent in the nature of the felony. See Faison v. State, 426 So.2d 963 (Fla.1983). In the present case, however, the movement and confinement of the victim was not inconsequential or inherent in the nature of the sexual batteries. Here, as in *994 Faison, there was asportation of the victim by substantial force and violence to a location which made the sexual batteries easier to commit and which reduced the danger of detection, although only a short distance was involved. Accordingly, the conviction of kidnapping was proper.
Appellant also challenges the attempted first-degree murder conviction, arguing that premeditation, a necessary element of the charge, was not sufficiently proved. Premeditation is a “fully formed purpose to kill, which exists in the mind of the perpetrator to permit of reflection....” Sireci v. State, 399 So.2d 964, 967 (Fla.1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982). Premeditation “does not have to be contemplated for any particular period of time before the act, and may occur a moment before the act.” Id.
Appellant contends that although the fact that he choked the victim to state of unconsciousness may give rise to an inference that he intended to kill the victim, it is also susceptible to an inference that he was merely, in a fit of “sudden passion,” attempting to subdue the victim so he could commit the sexual batteries. Accordingly, he argues, a reasonable hypothesis of innocence existed, precluding his conviction of attempted first degree murder.
Where circumstantial evidence is relied upon to convict a person charged with a crime, the evidence must not only be consistent with the defendant’s guilt but must also be inconsistent with any reasonable hypothesis of his innocence. Mayo v. State, 71 So.2d 899 (Fla.1954); Cockett v. State, 507 So.2d 1217 (Fla. 4th DCA 1987); Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986), rev. denied, 503 So.2d 328 (Fla.1987). Here, however, appellant's asserted hypothesis of innocence is not reasonable. Choking the victim to a state of unconsciousness is not consistent with a mere sudden sexual passion.
Appellant further contends that it is clear that he had no premeditation to kill the victim because he let her leave after the attack. If he had really intended to kill her, he argues, he would have done so. As the state contends, however, although voluntary abandonment of a crime may be a defense to an attempt, the mere fact that the crime attempted is not completed (here, that the victim did not die while appellant was choking her) is not a defense. See § 777.04(1), Fla.Stat. (1985); § 777.04(5)(a), Fla.Stat. (1985).
The recommended sentence under the sentencing guidelines ment. The trial court appellant as follows: was life imprison-however, sentenced
Count I Attempted 1st Degr< Murder ! 15 years
Count II Kidnapping Life consecutive to I
Count III Sexual Battery Life concurrent with II
Count IV Sexual Battery Life concurrent with III
Count V Sexual Battery Life concurrent with IV
Count VI Robbery 5 yrs consecutive to I-V
appellant points out, a trial court cannot deviate from the recommended guidelines sentence by adding consecutive sentences on other counts arising from the same incident when those convictions were taken into account in computing the recommended sentence, without setting forth proper reasons for its departure. Rease v. State, 493 So.2d 454 (Fla.1986). Here, the trial judge did set forth, in a separate written order, several reasons for his departure from the guidelines. However, none of those reasons were valid.
The first reason for departure was that appellant was on probation at the time he committed the instant offenses, that his probation should be revoked, and he should have to serve “some extra time” on the offenses for which he was placed on probation.
A defendant’s probationary status at the time of the offense is not a valid reason for departing from the sentencing guidelines, as that factor is already scored within the guidelines under the category of “legal constraint.” Riddle v. State, 488 So.2d 903 (Fla. 5th DCA 1986). The fact that the trial court thought that appellant’s probation should be revoked and that he should serve extra time on the charges for which he had been placed on probation is irrelevant to the sentence appellant should receive in the instant case.
*995 The second reason for departure was that appellant is so aggressive he dared commit the crimes in broad daylight, and that the court believed that had appellant continued choking the victim for a few more seconds, she would have been seriously injured or would have died.
That the timing of the crimes committed by appellant indicate that he is extremely aggressive is an invalid reason for departure because aggressiveness is inherent in the nature of the crimes committed. See State v. Mischler, 488 So.2d 523 (Fla.1986). Also, speculation by the trial court that the crimes could have resulted in injuries far more serious than were actually sustained cannot support a departure sentence. Smith v. v. State, 484 So.2d 649 (Fla. 4th DCA 1986).
The third reason for departure was merely an explanation as to why the sentences for counts II through V were ordered to run concurrently.
The fourth reason for departure was that the robbery was unnecessary and merely added “insult to injury to the victim.” This reason is invalid, as it constitutes a factor which would have already been considered in calculating the guidelines score. See State v. Mischler, 488 So.2d at 523.
The fifth reason for departure was that the defendant had an unresolved sexual battery case in which the victim did not want to prosecute the defendant and that the defendant was a danger to the community.
Rule 3.701 d.ll., Florida Rules of Criminal Procedure, provides in part that “[rjeasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction.” Accordingly, the trial court improperly considered appellant’s “unresolved” sexual battery case. Also, that appellant is a “danger to the community” is an invalid reason for departure in this case. See Keys v. State, 500 So.2d 134 (Fla.1986).
Having found all of the reasons for departure invalid, we remand for resentenc-ing within the guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Also, appellant was adjudicated insolvent but was ordered, without notice and opportunity to object, to pay twenty dollars pursuant to section 960.20, Florida Statutes, and two dollars pursuant to section 943.-25(4), Florida Statutes. We strike the assessment of costs without prejudice to assess these costs in accordance with Jenkins v. State, 444 So.2d 947 (Fla.1984).
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GLICKSTEIN, J., concurs.
LETTS, J., concurs in conclusion only.