PER CURIAM.
In accordance with the Florida rape victim shield statute, we find that the trial court properly limited the defendant’s cross-examination of the victim. § 794.022, Fla.Stat. (1995). Accordingly, we affirm the defendant’s conviction for sexual battery.
Next, the State cross-appeals from the trial court’s entry of a judgment of acquittal as to the kidnapping charge. We affirm.
In Faison v. State, 426 So.2d 963 (Fla.1983), the Florida Supreme Court construed a portion of the Florida kidnapping statute, subsection 787.01(l)(a)2, Fla.Stat. (1979), and adopted the following requirements:
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison v. State, 426 So.2d at 965 (quoting State v. Buggs, 219 Kan. 203, 547 P.2d 720, 731 (1976)); Berry v. State, 668 So.2d 967, 969 (Fla.1996); Simpkins v. State, 395 So.2d 625 (Fla. 1st DCA1981). In the instant case, the evidence presented at trial was insufficient to establish the third prong of thé Faison test because it was insufficient to show that the resulting movement of the victim had some significance, independent of the sexual battery. More specifically, the movement did not make the sexual battery substantially easier to commit nor did it substantially lessen the risk of detection.
Affirmed.