696 So.2d 1229 (1997)
Mark Stephen WADDELL, Appellant/Cross-Appellee,
v.
The STATE of Florida, Appellee/Cross-Appellant.
No. 95-2027.
District Court of Appeal of Florida, Third District.
June 4, 1997.
Rehearing Denied July 30, 1997.
Joel Hirschhorn and Brian H. Bieber, Coral Gables, for appellant.
Robert A. Butterworth, Attorney General, and Fleur J. Lobree, Assistant Attorney General, and Joni Braunstein, Assistant Attorney General, for appellee.
Before COPE and GREEN, JJ., and BARKDULL, Senior Judge.
PER CURIAM.
Appellant, Mark Stephen Waddell, was charged by amended information with burglary of an occupied structure, attempted first degree murder with a destructive device or bomb, robbery with a weapon and kidnapping with a weapon. After a trial by jury, he was convicted of the burglary, attempted first degree murder, and robbery counts as charged, but was found guilty of false imprisonment as a lesser included offense of the kidnapping count. The trial court, however, subsequently granted a judgment of acquittal as to the false imprisonment conviction finding that the victim's detention was incidental to the robbery. Waddell appeals his remaining convictions on various grounds and the state cross-appeals the judgment of acquittal entered on the false imprisonment count.
Although Waddell has raised numerous issues on his main appeal, we find that he has made no showing of reversible error. Accordingly, we affirm his convictions and sentences for the burglary, attempted first degree murder, and robbery counts.
As to the cross-appeal, we agree with the state that the trial court erred when it granted Waddell's motion for judgment of acquittal on his false imprisonment conviction. In Count IV of the amended information, the state charged Waddell alternatively with kidnapping with the intent to commit or facilitate the commission of a felony pursuant to section 787.01(1)(a)(2), Fla. Stat. (1991) and/or kidnapping with the intent to inflict bodily harm upon or to terrorize the victim pursuant to section 787.01(1)(a)(3), Fla. Stat. (1991). There was evidence at trial to establish, and the trial court so found, that Waddell had confined the victim with an intent to terrorize the victim. Relying upon the analysis set forth in Faison v. State, 426 So.2d 963, 966 (Fla.1983), the trial court, however, concluded that the victim's confinement was merely incidental to the robbery and granted the judgment of acquittal. The trial court's reliance upon Faison, however, was misplaced in this case because Faison adopted a test only for a determination of whether a kidnapping had taken place with the intent to commit a felony pursuant to section 787.01(1)(a)(2)[1]. Where, as here, there was *1230 evidence to sustain a conviction for kidnapping with the intent to "[i]nflict bodily harm upon or to terrorize the victim" under section 787.01(1)(a)(3), the Faison test has no applicability. See Bedford v. State, 589 So.2d 245, 251 (Fla.1991), cert. denied, 503 U.S. 1009, 112 S.Ct. 1773, 118 L.Ed.2d 432 (1992); see also Chaeld v. State, 599 So.2d 1362, 1364 (Fla. 1st DCA 1992) (Faison jury instruction has no application when the charges alleged that the defendant kidnapped the victim with any of the other specific intentions identified in sections 787.01(1)(a)(1), (3) or (4)). We therefore reverse the judgment of acquittal entered on the false imprisonment conviction and remand for resentencing on this charge.
Affirmed in part and reversed and remanded in part.
NOTES
[1] Specifically, the supreme court in Faison adopted the following test to determine whether a kidnapping had taken place under section 787.01(1)(a)(2):

[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.