BOOTH, J.,
dissenting in part and concurring in part.
I dissent from the reversal of the kidnapping convictions, and concur in the affirmance of Appellant’s conviction of robbery with ' a firearm. For appellate purposes, on review we must view the evidence and all reasonable inferences in the light most favorable to the State, the non-moving party. “In moving for a judgment of acquittal, a defendant ‘admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.’ ” Beasley v. State, 774 So.2d 649, 657 (Fla.2000)(quoting Lynch v. State, 293 So.2d 44, 45 (Fla. 1974)). Here, the trial court reviewed the facts and properly determined that the kidnapping charges should go to the jury under the test articulated by the Florida Supreme Court in Faison v. State, 426 So.2d 963, 965 (Fla.1983), as follows:
“[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier' of commission or substantially lessens the risk of detection.”
(citation omitted). See also Ferguson v. State, 533 So.2d 763, 764 (Fla.1988)(citing Faison).
The State presented the following evidence: Two saleswomen at the “Maharaji Boutique” were ordered at gunpoint into the ladies room, located in the back of the building. The gunman said, “if you. come out, of there I’ll blow your s — ■ away.” The women heard glass breaking, and heard the rustling of clothes of a man looking out of a window next door to the ladies’ room. He kept saying, “I’m going to blow your s— away, you believe me, don’t you.” They said yes, and asked him not to hurt them because they had kids.
The gunman entered the ladies room a second time, and again said, “I’m going to blow your s— away, you believe me, don’t you.” They said yes; he cocked the gun, and his thumb slipped on the release and *180 the clip fell out, and the bullets hit the floor along with the clip. One of the women was certain he would have killed them but-for the release of the clip. The gunman ran away. The ladies stayed in the restroom until people from other stores came in.
In evaluating the evidence on the motion for judgment of acquittal on the kidnapping charges, the trial court stated on the record its rationale for denying the motion:
[I]n this particular situation the court will find that the Faison test, based upon the evidence presented at trial and the witness’s [sic] testimony, the Faison test has been met in terms of going to the jury and that the evidence testified to by the victims indicate that the movement from the store area back to the restroom was not slight, inconsequential or incidental to the robbery. The victims were forced out of the store area at gun point back into the restroom located in the rear, down a hallway at the end, back of the building. That [sic] the added action of the armed individual and [sic] returning back to the restroom and pointing the gun at the clerk just testified to by the clerks and making the threatening statements was not, also not incidental to the crime of robbery and that created such a level of fear as tested [sic] by the victims sufficient to create an act of confinement, specifically the level of the fear testified to by the witnesses as evidenced by their own actions as they testified to and not exiting the bathroom from the closed door ... even though they were asked to come out they did not come out until somebody else opened the door for them to come out, which was just as effective by imposing that level of fear as if they had been locked in the bathroom behind a locked door. And that’s based upon their testimony at trial. So I think that’s sufficient to bring it beyond the, or bring it into the Faison test....
I agree with the trial court’s analysis that the Faison test was met, and thus the jury was entitled to determine Appellant’s guilt or innocence.
I would affirm the trial court’s denial of the motion for judgment of acquittal on the two kidnapping counts. I concur in the affirmance of Appellant’s conviction of robbery with a firearm.