STONE, J.
We affirm Diez’s conviction on counts of armed kidnapping of a child under thirteen years of age, armed kidnapping, armed burglary, and interference with custody. The primary issue on appeal is whether the state proved a prima facie case of kidnapping as to the two victims.
Diez committed the offenses in an effort to forcefully remove E.L., age five, from her mother’s (Eunice’s) care in Broward County and take E.L. to her grandparents, who are from another country, but were temporarily staying in south Florida.
Diez arrived at Eunice’s apartment, showed her a fake badge, a search warrant, and a silver gun with a black handle, told Eunice he was a police officer, and asked her to open the door. As Eunice opened the door, Diez pushed her against the wall, then to the floor, handcuffing her from behind. E.L. came out crying. Grabbing handcuffed Eunice by the arms and pointing the gun at her, Diez took Eunice from room to room through the apartment in search of E.L.’s passport and other documents.
Diez also searched Eunice’s bag, removing her driver’s license and cell phone, the only phone in the apartment. Leaving with E.L., Diez removed Eunice’s handcuffs, pointed the gun at her, told her not to call the police and that he would shoot her if she moved. Diez then drove E.L. to the grandparents in Miami.
Kidnapping is defined in section 787.01(l)(a), Florida Statutes, in relevant part, as “forcibly, secretly or by threat confining, abducting or imprisoning another person against his will and without lawful authority, with intent to ... [c]ommit or facilitate commission of any felony.” The supreme court in Faison v. State, 426 So.2d 963 (Fla.1983), adopted a three-prong test for determining whether the movement or confinement of a victim during the commission of another felony is sufficient to support an additional conviction for kidnapping. Under the Faison test:
to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
*933 (c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Id. at 965.
We have considered, and reject, the argument that, as to both victims, Diez committed the offense of interference with custody and that his forceful moving and confining the victims was simply incidental to that offense. The use of force, by breaking in, threatening with a gun, and forced movement and restraint, cannot be viewed as naturally accompanying the interference with custody under section 787.03, Florida Statutes.
We deem all three kidnapping prongs proved as to both victims. Cf. Faison, 426 So.2d 963; Berry v. State, 668 So.2d 967 (Fla.1996).
As to all other issues raised, we also find no reversible error or abuse of discretion.
STEVENSON and HAZOURI, JJ., concur.