FARMER, J.,
dissenting.
Judge Bowman has fully canvassed the applicable authorities on the kidnapping issue. I read them to point in a different direction.
I call attention to the statutory requirement that the movement and confinement facilitate the commission of the sexual battery or reduce the risk of detention. See § 787.01(l)(a)2, Fla. Stat. (2009); Faison v. State, 426 So.2d 963, 965 (Fla.1983). Faison described the pertinent events in that case as follows:
“After discovering that the only employee present in a small contractor’s office was the receptionist, Faison entered the office and attacked the young woman. To do so, he dragged her from her desk in front of a large window to the rear of the office where he sexually assaulted her. He then forced her into a nearby restroom and raped her again.
“About ten minutes later, the receptionist spotted Faison across the street, and her employer attempted to stop him. Faison escaped into a residential area and broke into the home of another young woman. He attacked her and violently dragged her from the kitchen down a hallway into the bedroom. The two continued to fight until the woman was nearly unconscious; Faison then sexually assaulted her.”
426 So.2d at 964.
The supreme court concluded that each of the separate episodes conforms with the *804 conditions necessary to prove the crime of kidnapping. The court explained:
“(a) The movements of both victims were effected by substantial force and violence inflicted by Faison to overcome their resistance and to make them to go where he wanted. It cannot be said, therefore, that the asportations were either slight, inconsequential or merely incidental to the sexual batteries which followed.
“(b) These movements were not inherent or necessarily required in the commission of the sexual batteries, which could have been accomplished on the spot without any asportation whatever.
“(c) Both abductions were from an area where the rape could have been more easily observed through a window- — in the first victim’s office, and the second one’s kitchen- — to the ‘relative seclusion’ of the rear and restroom of the office and the bedroom of the home, respectively. Moreover, each asportation removed the victim from access to a door — again, in the office and in the kitchen — through which she might have escaped. Hence, each made the sexual battery substantially easier to commit and substantially reduced the danger of detection.”
426 So.2d at 966.
In this case the similarities to Faison are striking:
(a) Defendant pulled J.T. by her hair inside the house, dragged her to the bedroom, closed the door and locked it. Similarly, on both occasions he grabbed E.K., carried her into the bedroom, closed the bedroom door and locked it. This is brutal conduct on a young child made even more odious by its purpose.
(b) These movements were not inherent or necessarily required in the commission of the sexual batteries, which could have been accomplished without either the movement into the bedroom or the locking of the door. He could have carried out the sexual battery where he seized the children.
(c)Both abductions were from an area where the sexual batteries might have been observed — the first at the front door, the second in the entry area of the house — to the seclusion of the bedroom. Moreover each movement and confinement significantly lessened the possibility that the child might be able to escape.
426 So.2d at 966.
I cannot find any meaningful distinction between the underlying facts of the kidnappings in Faison and those of the kidnappings in this case. Both were manifestly undertaken by this defendant for the obvious purpose of committing the sexual batteries without detection or facilitating them. I would affirm the kidnapping convictions.