ROTHENBERG, J.
 

 In 1979, Matthew Faison, Jr. was convicted of five offenses committed during the course of separate sexual attacks on two women: two counts of sexual battery, two counts of kidnapping, and one count of burglary with an assault. On May 19, 1981, this Court affirmed all of Faison’s convictions except for the one count of sexual battery committed during the course of the burglary of the home.
 
 Faison v. State,
 
 399 So.2d 19 (Fla. 3d DCA 1981). Upon review by the Florida Supreme Court, the sexual battery conviction was reinstated and this Court’s holding affirming the remaining convictions was affirmed.
 
 Faison v. State,
 
 426 So.2d 963 (Fla.1983).
 

 Since 1983, Faison has filed numerous motions with the trial court and petitions with this Court, the Florida Supreme Court, and the United States Supreme Court, as well as several appeals. All motions, petitions, and appeals have been dismissed, denied or per curiam affirmed, listed in the order in which they were filed:
 
 Faison v. Nesbitt,
 
 488 U.S. 841, 109 S.Ct. 111, 102 L.Ed.2d 86 (1988) (denying petition for writ of certiorari);
 
 Faison v. State,
 
 675 So.2d 927 (Fla.1996) (denying petition for writ of habeas corpus);
 
 Faison v. State,
 
 733 So.2d 528 (Fla. 3d DCA 1999) (dismissing appeal);
 
 Faison v. State,
 
 743 So.2d 522 (Fla. 3d DCA 1999) (denying
 
 *921
 
 petition);
 
 Faison v. State,
 
 847 So.2d 478 (Fla. 3d DCA 2003) (denying petition for writ of mandamus);
 
 Faison v. State,
 
 861 So.2d 429 (Fla.2003) (dismissing appeal);
 
 Faison v. State,
 
 869 So.2d 560 (Fla. 3d DCA 2004) (dismissing appeal);
 
 Faison v. State,
 
 900 So.2d 564 (Fla. 3d DCA 2005) (affirming the trial court’s order denying relief);
 
 Faison v. State,
 
 907 So.2d 518 (Fla.2005) (dismissing appeal);
 
 Faison v. State,
 
 972 So.2d 189 (Fla. 3d DCA 2007) (affirming the trial court’s order denying relief);
 
 Faison v. State,
 
 980 So.2d 489 (Fla.2008) (dismissing petition for review);
 
 Faison v. State,
 
 990 So.2d 1073 (Fla. 3d DCA 2008) (denying petition for writ of coram nobis);
 
 Faison v. State,
 
 981 So.2d 1210 (Fla. 3d DCA 2008) (affirming the trial court’s order denying relief);
 
 Faison v. State,
 
 996 So.2d 858 (Fla.2008) (dismissing appeal);
 
 Faison v. State,
 
 21 So.3d 823 (Fla. 3d DCA 2009) (denying petition for writ of mandamus).
 

 Faison’s latest attack merely highlights the need to put a stop to his waste of valuable judicial resources. In his latest filing, Faison contends that he is serving an illegal sentence — -that he is entitled to receive, and failed to be awarded, eleven million days credit for the time he served while incarcerated in the county jail prior to being sentenced for the convictions in this case. As the State noted: “If the defendant were correct, that would mean he was first arrested some thirty thousand, one hundred, thirty-six years ago.” We, therefore, agree with the State, that Faison’s motion and appeal are frivolous, without merit, and filed solely to harass this Court and the trial court.
 

 Although we are cognizant of the defendant’s right to challenge the lawfulness of his incarceration, he has no constitutional right to file a frivolous lawsuit.
 
 Hepburn v. State,
 
 934 So.2d 515, 517 (Fla. 3d DCA 2005);
 
 see also Lewis v. Casey,
 
 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (“Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of ... sanctions.”). As this Court stated in
 
 Lanier v. State,
 
 983 So.2d 658, 660 (Fla. 3d DCA 2008),
 
 Hicks v. State,
 
 974 So.2d 1116, 1118 (Fla. 3d DCA 2008), and
 
 Minor v. State,
 
 963 So.2d 797, 799 (Fla. 3d DCA 2007), “there comes a point where enough is enough,” and we believe Faison has reached that point. We, therefore, issued a show cause order directing Faison to demonstrate good cause why he should not be precluded from filing further pro se pleadings in this case in this Court.
 

 Having heard nothing from Faison and for the reasons expressed in this opinion, we affirm the trial court’s order denying Faison’s motion for postconviction relief and direct the Clerk of the Third District Court of Appeal to refuse to accept for filing in this Court any further appeals, pleadings, motions, petitions, or other papers related to Faison’s conviction and sentence in lower case number 79-13113, unless they are filed by a Florida Bar member in good standing. Additionally, we direct the clerk to forward a certified copy of this opinion to the Department of Corrections for consideration of disciplinary measures against Faison pursuant to sections 944.279(1) and 944.28(2)(a), Florida Statutes (2007).
 
 See Pettway v. McNeil,
 
 987 So.2d 20 (Fla.2008).
 

 Affirmed with directions.