470 So.2d 685 (1985)
Marvin FRANCOIS, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary of the Department of Corrections of the State of Florida, Respondent.
No. 67051.
Supreme Court of Florida.
May 22, 1985.
*686 Alton G. Pitts of Pitts, Eubanks, Hannah, Hilyard and Marsee, Orlando, for petitioner.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., Miami, for respondent.
PER CURIAM.
This proceeding is before the Court on the petition of Marvin Francois for a writ of habeas corpus. Francois is a state prisoner under sentence of death and a current warrant for the execution thereof. In connection with his habeas petition, he moves for a stay of execution. He invokes our jurisdiction under article V, section 3(b)(9), Florida Constitution.
Petitioner was convicted of six counts of first-degree murder and other crimes and was sentenced to death on each capital felony conviction. On appeal, this Court affirmed the convictions and sentences. Francois v. State, 407 So.2d 885 (Fla. 1981). The United States Supreme Court declined to review the judgment. Francois v. Florida, 458 U.S. 1122, 102 S.Ct. 3511, 73 L.Ed.2d 1384 (1982).
Subsequently petitioner filed a motion for post-conviction relief in the trial court in which he was tried and sentenced and a petition for habeas corpus in this Court. The trial court declined to set aside the convictions or sentences and an appeal was taken. This Court affirmed the denial of post-conviction relief and denied the petition for habeas corpus. Francois v. State, 423 So.2d 357 (Fla. 1982).
Petitioner also sought relief by petition for habeas corpus in the United States District Court for the Southern District of Florida. This petition challenged the convictions and sentences on grounds already presented and rejected by state courts but which allegedly implicated petitioner's rights under the United States Constitution. The federal district court denied relief. On appeal, the United States Court of Appeals for the Eleventh Circuit affirmed the denial of the petition for habeas corpus. Francois v. Wainwright, 741 F.2d 1275 (11th Cir.1984).
In the present petition, Francois argues that he was not afforded effective assistance of counsel in connection with his initial direct appeal decided by this Court. Ineffective assistance of appellate counsel is the claim petitioner made in his previous habeas corpus petition to this Court. Francois v. State, 423 So.2d at 360-61. In collateral proceedings by habeas corpus, as in post-conviction proceedings under Florida Rule of Criminal Procedure 3.850, successive petitions for the same relief are not cognizable and may be summarily denied. Sullivan v. State, 441 So.2d 609, 612 (Fla. 1983); McCrae v. State, 437 So.2d 1388 (Fla. 1983). We deny the present petition on this ground.
Even if we were to take cognizance of petitioner's claims, however, we would find them without merit. He argues that his legal counsel on appeal was defective in that his lawyers neglected to argue that *687 there had been impropriety in the prosecutor's arguments to the jury at trial.
A prisoner who has been tried, convicted, and sentenced and has had his conviction and sentence affirmed on appeal, and who challenges the validity of his appeal on the ground of ineffectiveness of appellate counsel under the sixth and fourteenth amendments to the United States Constitution must carry the burden established by the case of Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial [or appeal], a trial [or appeal] whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
104 S.Ct. at 2064 (bracketed words added).
Thus the inquiry in a case where ineffective appellate counsel is presented is not whether the matters which the petitioner now claims should have been argued on appeal have legal merit, but rather is (1) whether counsel was deficient and (2) whether counsel's failings deprived petitioner of a meaningful appeal.
We conclude that appellate counsel could reasonably have decided not to argue the issue of inflammatory and prejudicial prosecutorial comments and still be considered reasonably effective counsel. Some of the comments in question were objected to at trial and some were not. Some of them were made in closing argument at the guilt phase and some at the sentencing phase. We do not find that, viewed in the context of the totality of the circumstances of petitioner's trial, appellate counsel was obliged to argue the matters at the risk of being found professionally deficient if they were omitted.
Moreover, even if it could be said that reasonably effective counsel would clearly have argued on appeal the matter of improper argument by the prosecutor, we would have no difficulty in finding that the omission did not so undermine the appellate process as to deprive petitioner of a meaningful and reliable appeal. Viewed in light of the protective purposes served by the appellate process in capital and criminal cases, we conclude that the omissions asserted did not prejudice the petitioner.
The petition for habeas corpus is denied. The motion for stay of execution is denied.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.