512 So.2d 829 (1987)
James Armando CARD, Petitioner,
v.
Richard L. DUGGER, Respondent.
No. 71118.
Supreme Court of Florida.
September 15, 1987.
Larry Helm Spalding, Capital Collateral Representative and Billy H. Nolas, Staff Atty. of the Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
James Armando Card, under sentence of death and the governor's death warrant, petitions this Court for extraordinary relief, writ of habeas corpus and stay of execution. He is scheduled for execution on September 17, 1987 at 7:00 a.m. We have jurisdiction pursuant to Article V, section 3(b)(1), (7) and (9), Florida Constitution, and deny all relief.
This is Card's third appearance before us. Card was convicted of first-degree murder, robbery and kidnapping and sentenced to death. We affirmed his conviction and sentence in Card v. State, 453 So.2d 17 (Fla.), cert. denied, 469 U.S. 989, 105 S.Ct. 396, 83 L.Ed.2d 330 (1984). Thereafter, we denied his petition for habeas corpus and affirmed the denial of his motion for post-conviction relief. Card v. State, 497 So.2d 1169 (Fla. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 2203, 95 L.Ed.2d 858 (1987).
We first address Card's claim that the sentencing judge failed to consider nonstatutory mitigating circumstances in rendering the sentence of death. Card bases his claim on Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), in which the United States Supreme Court recently vacated a death sentence because the jury and the trial judge were under the *830 impression that nonstatutory mitigating circumstances could not be considered. Essentially, Card argues that the trial judge did not consider nonstatutory mitigating circumstances because in finding the absence of any mitigating circumstances the judge did not specifically address nonstatutory mitigating circumstances. However, it is clear from the record in this case that the sentencing judge did understand that Card was entitled to the benefit of any nonstatutory mitigating circumstances.
During the charge conference, defense counsel stated that he would waive presenting evidence as to certain statutory mitigating circumstances. However, he wished to present evidence concerning two statutory mitigating circumstances and "any other aspect of the defendant's character or record and any other circumstances of the offense." The following colloquy then occurred:
[DEFENSE COUNSEL]: ... Is that in your statute?
COURT: No.
[DEFENSE COUNSEL]: It's in these SJI's [Standard Jury Instructions].
[ASSISTANT STATE ATTORNEY]: I have no objection. Case law states they can pull mitigating circumstances out of the hat if they want to. I don't know why, but they can.
COURT: All right, if you waive those, we will give the mitigating circumstances that you want.
The state then made the following statement in its closing argument during the penalty phase:
There's a catch-all phrase in that mitigation which says "and anything else", basically, you can consider in mitigation. The State is sort of limited in its aggravating circumstances. They give us specific ones, and we can't go outside. They don't give us a catch all saying anything else that's good and might also apply... . The defense has a catch all under the mitigating circumstances that says, "We give you some specific ones, and then you can use anything else you can come up with."
Defense counsel also told the jury that there could be unlimited consideration of any nonstatutory mitigating circumstances which the defense offered during the penalty phase. The judge later gave the jury the following instruction on mitigating circumstances that could be considered in deciding on a proper penalty:
1. The crime for which the defendant is to be sentenced was committed while he was under the influence of extreme mental or emotional disturbance. 2. The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially-impaired. 3. Any other aspect of the defendant's character or record, or any other circumstance of the offense. (Emphasis added.)
There can be no doubt that both the trial judge and the jury were well aware that nonstatutory mitigating circumstances could be considered, and there is nothing in the record to suggest that they were not considered.
Card next argues that his appellate counsel was ineffective for neglecting to argue on direct appeal that the trial court failed to conduct a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla. 1971), concerning an alleged discovery violation by the state. We deny this claim on procedural grounds. Card raised the claim of ineffective assistance of appellate counsel in his previous petition for writ of habeas corpus, albeit on other grounds. Card v. State, 497 So.2d 1169 (Fla. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 2203, 95 L.Ed.2d 858 (1987). Where an initial motion for post-conviction relief raises the claim of ineffective assistance of counsel, the trial court may summarily deny a successive motion which raises additional grounds for ineffective assistance of counsel. Christopher v. State, 489 So.2d 22 (Fla. 1986). In Francois v. Wainwright, 470 So.2d 685 (Fla. 1985), we stated:
In collateral proceedings by habeas corpus, as in post-conviction proceedings under Florida Rule of Criminal Procedure 3.850, successive petitions for the same relief are not cognizable and may be *831 summarily denied. Sullivan v. State, 441 So.2d 609, 612 (Fla. 1983); McCrae v. State, 437 So.2d 1388 (Fla. 1983).
Francois, 470 So.2d at 686. The circumstances of the alleged Richardson violation were known at the time of Card's first habeas corpus petition, and he cannot now raise the issue at this late date.
Card next argues that the prosecutor and trial judge misinformed the jury as to the weight to be accorded their sentencing verdict and diminished the jury's sense of responsibility in violation of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). The Eleventh Circuit Court of Appeals has interpreted Caldwell as requiring two Florida death sentences to be set aside because of comments by the court and the prosecutor said to have misled the jury with respect to its sentencing responsibility. Some of the judge's statements to Card's jury were similar to those criticized in Mann v. Dugger, 817 F.2d 1471 (11th Cir.1987), and Adams v. Wainwright, 804 F.2d 1526 (11th Cir.1986), although the prosecution did tell the jury that in his experience the judge "will most probably place a great deal of weight on your advisory opinion." However, we do not reach the merits of this issue. Mann; Adams.
In Mann and Adams the court permitted the point to be raised for the first time by petition for habeas corpus on the premise that Caldwell represented a significant change in the law. However, Card filed his first petition for habeas corpus on June 2, 1986, and Caldwell was decided by the United States Supreme Court in 1985. The Eleventh Circuit's holdings in Mann and Adams cannot constitute a change of law because only this Court or the United States Supreme Court can effect a sufficient change of law to merit a subsequent post-conviction challenge to a final conviction and sentence. Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). Therefore, a second petition filed after Caldwell which raises this issue for the first time constitutes an abuse of the writ. See Raulerson v. Wainwright, 753 F.2d 869 (11th Cir.1985).
Card next alleges error concerning the denial of a pretrial hearing to establish his competency to stand trial. We deny this claim because it was argued and rejected in Card's last appearance before this Court. Card v. State, 497 So.2d 1169, 1174 (Fla. 1986), cert. denied, ___ U.S. ___, 107 S.Ct. 2203, 95 L.Ed.2d 858 (1987).
Finally, Card alleges that the trial court erred in not allowing the hearsay testimony of Camille Cardwell during the penalty phase that she overheard four men planning to commit a robbery like the one committed in this case. We note that the issue of whether Cardwell's testimony should have been allowed in during the guilt phase of the trial was previously argued on direct appeal and resolved by this court in Card v. State, 453 So.2d 17 (Fla.), cert. denied, 469 U.S. 989, 105 S.Ct. 396, 83 L.Ed.2d 330 (1984). We again find that this issue could have been or should have been raised on direct appeal and the issue is now procedurally barred from consideration.
Accordingly, we deny all the requested relief. No petition for rehearing will be permitted.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.
BARKETT, Justice, specially concurring.
If there were an egregious error that previously had not been discovered, I do not think the claim would be barred in a successive habeas. For instance, if prejudicial ineffectiveness of counsel occurred but was not previously raised, I would not hold the claim procedurally barred. I do not find that this is the case here, however.