571 So.2d 3 (1990)
John XIQUES, Petitioner,
v.
Richard L. DUGGER, Respondent.
No. 89-03541.
District Court of Appeal of Florida, Second District.
April 20, 1990.
Rehearing Denied May 9, 1990.
*4 John Xiques, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
John Xiques petitions this court for a writ of habeas corpus. He seeks belated appellate review of his 1982 conviction and sentence for escape. We deny the petition.
Initially, Xiques alleges that the trial court, at the time of sentencing, "never advised him of his right to appeal." See Fla.R.Crim.P. 3.670. However, this oversight, even if factually correct, would appear to be immaterial in light of Xiques's additional claim that trial counsel made "a verbally implied statement" that he would file a timely appeal after Xiques "did make known to the attorney that he did wish to appeal his conviction." The failure to appeal a conviction, once a timely request has been made, generally constitutes ineffective assistance of counsel remediable by a habeas corpus action in the appellate court. State v. Meyer, 430 So.2d 440 (Fla. 1983). When presented with a facially sufficient petition for belated appellate review, this court follows the procedure outlined in Bridges v. Dugger, 518 So.2d 298, 299 n. 2 (Fla. 2d DCA 1987).
Xiques's petition, however, poses additional problems. Primarily, as admitted by the petitioner himself, this is not the first time his claim of ineffective counsel has been presented. On June 9, 1989, this court denied habeas corpus relief in a prior proceeding involving the same conviction. Xiques v. Dugger, 545 So.2d 877 (Fla. 2d DCA 1989) (Table). In that petition Xiques alleged only that he "never had an appeal," that trial counsel "withdrew from the case and told [Xiques] he did not have a [sic] appeal," and that counsel "failed to file a notice of appeal." Thus the "overt act or omission" of counsel, i.e., the failure to honor a timely request for an appeal, was not sufficiently detailed. Knight v. State, 394 So.2d 997 (Fla. 1981); Bridges v. Dugger, supra. A successive petition regarding ineffective appellate counsel, much like a successive motion under Florida Rule of Criminal Procedure 3.850, may be summarily denied. Francois v. Wainwright, 470 So.2d 685 (Fla. 1985).
An additional potential problem is the fact that Xiques has waited nearly eight years to furnish this court with a facially sufficient petition, and apparently did so only after prompting by the federal district court. Had Xiques claimed ineffective assistance of trial counsel, he would be foreclosed under the two-year limitations period contained in rule 3.850. Analogously, were this an action for legal malpractice, the statute of limitations would have expired. § 95.11(4)(a), Fla. Stat. (1989). No rule presently exists imposing specific time limits on claims against appellate counsel. The state has suggested in its response to Xiques's present petition that laches should apply. Laches is a recognized defense in postconviction actions where the movant has engaged in inordinate and prejudicial delay. Bashlor v. Wainwright, 374 So.2d 546 (Fla. 1st DCA 1979); Weir v. State, 319 So.2d 80 (Fla. 2d DCA 1975). Xiques has replied only that the state "was not and is not prejudiced." We need not decide this issue, however, given our decision to deny relief on the authority of Francois.
Petition denied.
SCHEB, A.C.J., and SCHOONOVER and HALL, JJ., concur.