913 So.2d 36 (2005)
Alberto I. HERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2606.
District Court of Appeal of Florida, Third District.
September 21, 2005.
Bennett H. Brummer, Public Defender, and Gwendolyn Powell Braswell, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Valentina M. Tejera, Assistant Attorney General, for appellee.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.
PER CURIAM.
Alberto I. Hernandez appeals his convictions for first degree felony murder and kidnapping.
Defendant-appellant Hernandez argues that his motion for judgment of acquittal should have been granted on the kidnapping count. He contends that the kidnapping conviction must be reversed under Faison v. State, 426 So.2d 963 (Fla.1983).
We reject the defendant's argument because the defendant was convicted of kidnapping under subparagraph 787.01(1)(a)3., Fla. Stat. (2000). That portion of the kidnapping statute applies where a defendant is found guilty of "forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to ... 3. Inflict bodily harm upon or terrorize the victim or another person." Id. The Florida Supreme Court and this court have held that the Faison test does not apply to a conviction under the just-quoted subparagraph 3. See Boyd v. State, 910 So.2d 167, 184 (Fla.2005); Bedford v. State, 589 So.2d 245, 251 (Fla.1991); Biggs v. State, 745 So.2d 1051, 1052 (Fla. 3d DCA 1999).
The defendant acknowledges the existence of these precedents, but argues that the analysis should be different in a first *37 degree felony murder case. We reject this argument also. The Bedford decision, like the present case, involved a count of first degree felony murder where, as here, the underlying felony was kidnapping. 589 So.2d at 251.
Affirmed.