990 So.2d 1116 (2008)
Alberto I. HERNANDEZ, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D08-522.
District Court of Appeal of Florida, Third District.
July 23, 2008.
Rehearing Denied October 2, 2008.
*1117 Alberto I. Hernandez, in proper person.
Bill McCollum, Attorney General, and Natalia Costea, Assistant Attorney General, for respondent.
Before SUAREZ, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, J.
Alberto I. Hernandez ("Hernandez") seeks the issuance of a writ of habeas corpus based upon a claim of ineffective assistance of appellate counsel. Our review of the record reveals that the petition is untimely, successive, and meritless.
Hernandez was convicted on June 4, 2003, of first-degree murder and kidnapping, and was sentenced to two concurrent life sentences. His convictions and sentences were affirmed by this Court on September 21, 2005. Hernandez v. State, 913 So.2d 36 (Fla. 3d DCA 2005). Florida Rule of Appellate Procedure 9.141(c)(4)(B) provides:
A petition alleging ineffective assistance of appellate counsel on direct review shall not be filed more than 2 years after the judgment and sentence become final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel.
As this Court's mandate was issued on October 7, 2005, and the instant petition was filed on March 3, 2008, it is untimely.
The record reflects that the petition is also successive. On January 9, 2007, Hernandez filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. That petition was denied by this Court on July 10, 2007. Hernandez v. State, 959 So.2d 737 (Fla. 3d DCA 2007). The instant petition, filed on March 3, 2008, is therefore, procedurally barred. See Xiques v. Dugger, 571 So.2d 3, 4 (Fla. 2d DCA 1990) (stating that "[a] successive petition regarding ineffective appellate counsel, much like a successive motion under Florida Rule of Criminal Procedure 3.850, may be summarily denied"); see also Washington v. State, 933 So.2d 577, 579 (Fla. 5th DCA 2006) (reiterating that "a habeas petition cannot be used to provide a petitioner with an additional appeal regarding issues that could have been or were raised on appeal or in post conviction motions," including a petition for ineffective assistance of appellate counsel).
The sole ground raised in the instant petition is also without merit. Hernandez claims he was denied his constitutional right to a twelve-member jury. While he admits that twelve jurors and two alternate jurors were selected, sworn, and empaneled to try his case, he claims that only eleven jurors rendered the verdict because the trial transcript reflects that only eleven jurors were polled after the verdict was announced in open court and that juror Nester Brunet was not polled. The record, however, does not reflect that Nester Brunet was excused after being empaneled or that an alternate juror was seated to take his place. More importantly, the court reporter submitted an affidavit on or about March 11, 2008, wherein she averred that a search of her stenographic notes of June 4, 2003, revealed that Nester Brunet was present and polled after the verdict was announced in open court. Accompanying the affidavit was a corrected copy of the transcript filed and certified by the court reporter.
*1118 In conclusion, the instant petition must be denied because it is both time-barred and successive, and therefore procedurally barred. However, even if we were to address the petition on the merits, it would be denied as the ground raised is refuted by the record.
Petition denied.