990 So.2d 1241 (2008)
The STATE of Florida, Appellant,
v.
Raymond LUMARQUE, Appellee.
No. 3D07-2848.
District Court of Appeal of Florida, Third District.
September 24, 2008.
Bill McCollum, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for appellant.
Mark Seiden and Todd Michaels, Miami, for appellee.
Before WELLS, CORTIÑAS, and SALTER, JJ.
CORTIÑAS, J.
Raymond Lumarque ("Lumarque") was charged by information with kidnapping in violation of section 787.01(1)(a)(2) and, alternatively, section 787.01(1)(a)(3) of the Florida Statutes. The information specifically alleged that Lumarque did "forcibly, secretly, or by threat, confine, abduct or imprison another person, to wit: C.L. (an adult) against that person's will, with the intent to commit or facilitate the commission of any felony, to wit: sexual battery and/or attempted first degree murder and/or inflict bodily harm upon or to terrorize the victim ... in violation of s. 787.01(2), Fla. Stat...." The trial court granted Lumarque's motion to dismiss the kidnapping charge on the basis that Lumarque's behavior did not legally constitute kidnapping. We reverse because there was sufficient evidence to withstand a motion to dismiss the charge of kidnapping with the intent to "[i]nflict bodily harm upon or to terrorize the victim" under section 787.01(1)(a)(3) of the Florida Statutes.
The testimony of the defendant's former wife indicated that Lumarque picked up their children from her house to bring them to his home. However, approximately ten minutes later, he returned to the former wife's home and she permitted him to enter. Upon his entry, she noticed that he was holding a pair of black gloves. She immediately ran for a telephone, which Lumarque knocked from her hands. The former wife further testified that Lumarque grabbed her by the neck and dragged her through the house to her bedroom, where he strangled her, smothered her with a pillow, and forced her to perform oral sex.
*1242 In its order dismissing the kidnapping charge, the trial court relied upon Faison v. State, 426 So.2d 963, 966 (Fla.1983) ("`[C]onfining, abducting, or imprisoning another person ... with intent to commit or facilitate commission of any felony' does not include movement or confinement that is inconsequential or inherent in the nature of the felony.") (quoting Harkins v. State, 380 So.2d 524, 528 (Fla. 5th DCA 1980)). However, the trial court's reliance upon Faison was misplaced. Faison may correctly be applied to section 787.01(1)(a)(2), which involves kidnapping with the intent to commit a felony, but it is not applicable to a kidnapping charge based upon section 787.01(1)(a)(3), which addresses kidnapping with the intent to "[i]nflict bodily harm upon or to terrorize the victim." See Biggs v. State, 745 So.2d 1051, 1052 (Fla. 3d DCA 1999); Waddell v. State, 696 So.2d 1229, 1229-30 (Fla. 3d DCA 1997).
We find that there was sufficient evidence to withstand a motion to dismiss the charge of kidnapping with the intent to "[i]nflict bodily harm upon or to terrorize the victim." See Lee v. State, 770 So.2d 231 (Fla. 3d DCA 2000) (finding that dragging the victim by her throat from one room to another during the defendant's attack upon her was sufficient to demonstrate the necessary confinement, abduction, or imprisonment required to establish any form of kidnapping, including kidnapping under the "terrorizing" provision found in section 787.01(1)(a)(3)). As such, we reverse the trial court's dismissal of the kidnapping charge.
Reversed and remanded.