PER CURIAM.
Angel Maldonado Melendez appeals his conviction for kidnapping with a firearm, arguing the facts were insufficient to establish confinement. Melendez recognizes the three-part test in Faison v. State, 426 So.2d 963 (Fla.1983),[1] is inapplicable because he was charged under section 787.01(1)(a)3., Florida Statutes,[2] not under section 787.01(1)(a)2., kidnapping with the intent to commit or facilitate the commission of any felony. See Sutton v. State, 834 So.2d 332 (Fla. 5th DCA 2003). Instead, the issue is the sufficiency of the evidence relating to the confinement element.
*625 Melendez relies upon Conner v. State, 19 So.3d 1117 (Fla. 2d DCA 2009), where the court found that holding a victim to the ground while strangling her did not constitute confinement under the kidnapping statute. In contrast, Melendez dragged the victim at gunpoint, by her hair, down a hallway and up half a flight of stairs to a more secluded landing in the back of a building. Those facts are sufficient to establish confinement under the statute. We affirm.
The State cross-appeals the trial court’s order granting Melendez’s motion to correct sentencing error. We find no error in the trial court’s determination that one of Melendez’s aggravated assault convictions was prohibited by double jeopardy.
The sentencing documents designated the kidnapping with a firearm as a first-degree felony punishable by life. This appears to be a scrivener’s error. The judgment and sentence should be corrected to reflect the offense as a life felony. § 775.087(l)(a), Fla. Stat. (2008).
AFFIRMED.
GRIFFIN, TORPY and COHEN, JJ„ concur.

. [I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison v. State, 426 So.2d 963, 965 (Fla.1983) (quoting State v. Buggs, 219 Kan. 203, 547 P.2d 720, 731 (1976)).

. The information charged Melendez with forcibly, secretly, or by threat, confining, abducting, or imprisoning the victim against her will, without lawful authority, and with the intent to inflict bodily harm or terrorize the victim.