WETHERELL, J.
Appellant seeks review of his conviction and resulting life sentence for kidnapping. Appellant argues that the trial court erred in denying his motion for judgment of acquittal because the state failed to establish a prima facie case of kidnapping. We affirm for the reasons that follow.
On September 22, 2008, Appellant and the victim were at a friend’s house playing cards and drinking. Appellant and the victim were “picking at each other,” but according to the witnesses, everyone was laughing and no one was angry until Appellant got up from the table and commenced a seemingly unprovoked attack on the victim. Appellant hit the victim over the head with a chair and then dragged her by the hair into another room where he continued the beating until the victim was unconscious. Appellant then dragged the victim outside by her neck or hair where he continued beating her. The attack lasted at least seven minutes, and the victim’s injuries included bruised ribs, two broken toes, and a concussion.
Appellant was arrested and charged with attempted second-degree murder and kidnapping under section 787.01(l)(a)3, Florida Statutes (2008).[1] At the close of the state’s case, Appellant moved for judgment of acquittal on the kidnapping charge, arguing that the movement of the victim during the course of the beating had no independent significance from the beating and was not substantial enough to be considered “confinement” under the kidnapping statute. The trial court denied *912 the motion and the jury found Appellant guilty as charged. Appellant was sentenced as a prison releasee reoffender to life in prison on the kidnapping charge and a concurrent 15-year term on the attempted second-degree murder charge. Appellant does not challenge his attempted murder conviction or sentence on appeal.
Our review of the trial court’s ruling on Appellant’s motion for judgment of acquittal is de novo. See Jones v. State, 790 So.2d 1194 (Fla. 1st DCA 2001).
In Faison,[2] the Florida Supreme Court held that in order for the defendant’s movement of the victim to be considered “confinement” under the kidnapping statute, the movement, must be of independent significance from the other crime charged and not slight or incidental to the other crime. Subsequent cases have made clear that this test applies only when kidnapping is charged under section 787.01(l)(a)2,[3] and Appellant concedes that Faison does not apply in this case because he was charged under subparagraph 3 of the statute. Nevertheless, Appellant argues that his kidnapping conviction should be reversed because his movement of the victim during the beating was not independent of the intent to terrorize the victim and was not significant enough to support a kidnapping charge.
In support of his argument, Appellant cites Conner v. State, 19 So.3d 1117 (Fla. 2d DCA 2009), in which the Second District reversed the defendant’s conviction for kidnapping under section 787.01(l)(a)3. The court recognized that the Faison test and associated jury instruction do not apply when the defendant is charged under subparagraph 3 of the kidnapping statute, id. at 1121-22, but the court then applied a test that mirrors the Faison test. Id. at 1124-25 (explaining that the issue of whether confinement or movement was merely incidental to an additionally charged crime or took on its own independent significance to justify a kidnapping charge was a “fundamental principle [that] applies whether the State charges the defendant under subsection (l)(a)2 or subsection (l)(a)3” of the kidnapping statute). As in the district court decision approved in Faison, the court’s decision in Conner was based, at least in part, on the court’s view that the Legislature could not have intended to convert one crime involving even an insubstantial element of confinement into two separate crimes simply by the state charging the defendant under subparagraph 3 of the kidnapping statute, rather than subparagraph 2. See id. at 1122 (referencing the Fifth District’s decision in Harkins v. State, 380 So.2d 524, 528 (Fla. 5th DCA 1980), which was subsequently approved in Faison).
We need not address the merits of the Second District’s analysis of section 787.01(l)(a)3 in Conner because the case is distinguishable on its facts. In Conner, *913 the defendant jumped out of a vehicle and attacked a student waiting at a bus stop, holding her down and choking her. See Conner, 19 So.3d at 1119. The entire attack lasted less than a minute and the restraint “did not involve any element of movement.” Id. at 1124; see also id. at 1125 (characterizing the defendant’s “brief act” of holding the victim down during the attack as “a mere momentary restraint”). Here, the beating administered by Appellant lasted at least seven minutes and involved the victim being beaten in one room, dragged by her hair into another room where the beating continued, and then dragged by her neck or hair outside where the beating concluded. These facts are sufficient to establish confinement under any reading of section 787.01(l)(a)3.
Moreover, we agree with the state that this case is similar to Lee v. State, 770 So.2d 231 (Fla. 3d DCA 2000), where the defendant was convicted of kidnapping under section 787.01(l)(a)3 after he “dragged [the victim] by her throat for almost ten feet from one room to another in the course of [his] vicious attack upon her[J” Id. at 232. The Third District affirmed the conviction, finding these facts sufficient to establish confinement under the kidnapping statute. Id.
This case is also similar to Melendez v. State, 51 So.3d 624 (Fla. 5th DCA 2011), where the defendant was convicted of kidnapping under section 787.01(l)(a)3 after he “dragged the victim at gunpoint, by her hair, down a hallway and up half a flight of stairs[.]” Id. In affirming the defendant’s conviction, the Fifth District distinguished Conner, and found that thé facts were sufficient to establish confinement under the kidnapping statute. Id.
For these reasons, the trial court properly denied Appellant’s motion for judgment of acquittal on the kidnapping charge. Accordingly, we affirm Appellant’s judgment and sentence.
AFFIRMED.
BENTON, C.J., and PADOVANO, J., concur.

. This statute defines "kidnapping” to mean: forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to:
[[Image here]]
3. Inflict bodily harm upon or to terrorize the victim or another person.

. Faison v. State, 426 So.2d 963, 965-66 (Fla.1983).

. See Bedford v. State, 589 So.2d 245, 251 (Fla.1991), cert. denied, 503 U.S. 1009, 112 S.Ct. 1773, 118 L.Ed.2d 432 (1992); State v. Lumarque, 990 So.2d 1241, 1242 (Fla. 3d DCA 2008); Hernandez v. State, 913 So.2d 36 (Fla. 3d DCA 2005), rev. denied, 941 So.2d 368 (Fla.2006); Sutton v. State, 834 So.2d 332, 334-35 (Fla. 5th DCA 2003); Biggs v. State, 745 So.2d 1051, 1052 (Fla. 3d DCA 1999); Waddell v. State, 696 So.2d 1229 (Fla. 3d DCA 1997), rev. denied, 707 So.2d 1128 (Fla.1998); see also Chaeld v. State, 599 So.2d 1362, 1364 (Fla. 1st DCA 1992) (holding that the Faison test does not apply to false imprisonment and observing that the test “has no application when the charge alleges that the defendant kidnapped the victim with any of the other specific intentions identified in § 787.01(l)(a)l, 3 or 4.”), superseded by statute as recognized in Davis v. State, 816 So.2d 840 (Fla. 1st DCA 2002).