BENTON, J.
Adjudicated guilty both of sexual battery with a deadly weapon and of kidnapping with a weapon, Kenneth Miller received concurrent terms of life imprisonment. On appeal, he challenges only the conviction and sentence for kidnapping, arguing the evidence was insufficient to support a separate kidnapping conviction, in addition to the conviction for sexual battery. We agree and reverse the conviction and sentence for kidnapping.
The amended information alleged that Mr. Miller “did confine, abduct or imprison [the victim] forcibly, secretly, or by threat against her will and without lawful authority, with intent to commit or facilitate the commission of a felony, and/or to inflict bodily harm upon or terrorize [the victim], and during the commission of the aforementioned kidnapping,” he “carried or had in his possession a weapon, contrary to the provisions of Sections 787.01(l)(a)[2. and 3.] and 775.087(l)(a), Florida Statutes-.” But the evidence revealed no asportation of the victim. The victim was not bound, and the act relied on as establishing con *396 finement was placing a pillow over the victim’s face.
The victim testified that, early on the morning of August 24, 1999, she awoke when she felt a hand on her shoulder. When she began screaming, she testified, the perpetrator put a pillow over her face. Although she initially struggled and tried to push him off, she stopped struggling after she had difficulty breathing, thinking she might pass out. The assailant removed the pillow after she stopped fighting back. Once more able to breathe freely, she again tried to push her assailant away, but he grabbed her hand, placed what she believed to be a knife against the side of her neck, and sexually assaulted her.
More than a decade later, based on DNA evidence, Mr. Miller was identified as the assailant and charged with kidnapping as well as sexual battery. Section 787.01(l)(a), Florida Statutes (1999), provides:
The term “kidnapping” means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
4. Interfere with the performance of any governmental or political function.
Mr. Miller moved for judgment of acquittal on the kidnapping count and argued any confinement was slight, inconsequential, and merely incidental to the act of sexual battery.
Likewise on appeal, Mr. Miller argues the state failed to prove the victim was confined within the meaning of the statute arid failed to prove intent to terrorize her beyond the harm or terror inherent in sexual battery. In part he relies on language in Mobley v. State, 409 So.2d 1031, 1034 (Fla.1982), where the Florida Supreme Court said that if section 787.01(1)(a)2. (which prohibits the unlawful confining of another person with the intent to commit or facilitate the commission of any felony) were “construed literally this subsection would apply to any criminal transaction which inherently involves the unlawful confinement of another person, such as robbery or sexual battery.”
To avoid this dilemma, our supreme court set forth the following test applicable when a defendant is charged with kidnapping to facilitate the commission of another crime:
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Faison v. State, 426 So.2d 963, 965 (Fla.1983) (quoting State v. Buggs, 219 Kan. 203, 547 P.2d 720, 731 (1976)). “[TJhere can be no kidnapping where the only confinement involved is the sort that, though not necessary to the underlying felony, is likely to naturally accompany it.” Berry v. State, 668 So.2d 967, 969 (Fla.1996).
The confinement in the present case did not amount to kidnapping. Mr. Miller placed the pillow over the victim’s face after she began screaming and struggling *397 and removed the pillow when she stopped fighting back. There was no one else in the house at the time, and no showing that the risk of detection was substantially lessened. The victim’s confinement was minor, and incidental to the sexual battery. The unwelcome sexual acts would not have occurred without some restraint of the unwilling victim. The “confinement” did not outlast the sexual battery itself. See, e.g., Orukotan v. State, 85 So.3d 542, 546 (Fla. 4th DCA 2012) (reversing kidnapping conviction for failure to establish the first and third prongs required by Faison because “while the defendants bound the victim, put a pillowcase over his head, and placed him in the bathroom, the defendants released the victim twice before the robbery had been completed” and “because the defendants untied the victim before the completion of the robbery, the act neither had any significance independent of the robbery nor substantially lessened the risk of detection”).
Mr. Miller’s act of placing a pillow over the victim’s face also fails to establish confinement pursuant to section 787.01(l)(a)3. (which prohibits the unlawful confining of another person with the intent to .inflict bodily harm upon or to terrorize the victim). Although the three-part test set forth in Faison is limited to kidnapping under section 787.01(l)(a)2., and has been held not to be determinative when a defendant is charged with confining, abducting or imprisoning with the intent to “inflict bodily harm upon or to terrorize,” Allen v. State, — So.3d -, -, 2013 WL 3466777, 38 Fla. L. Weekly S592, S596 (Fla. July 11, 2013), the state must still prove as one element of the offense of kidnapping that a defendant confined, abducted or imprisoned the victim.
In Conner v. State, 19 So.3d 1117 (Fla. 2d DCA 2009), the defendant jumped out of a van, caught a thirteen-year-old girl, who had been sitting at her school bus stop, after she had run only a few feet, pushed her to the ground, put a stocking around her neck, and strangled her to the point that- she was unable to breathe, before he fled at the sound ,of an approaching vehicle. The court ruled that the defendant did not abduct or imprison the school girl,- and examined Florida case law for guidance in determining whether the conduct constituted a “confining” of the victim:
Generally, the act of binding the victim is sufficient to constitute a “confinement.” See Berry v. State, 668 So.2d 967, 969 (Fla.1996), aff'g Berry, 652 So.2d 836; Henderson v. State, 778 So.2d 1046, 1048 (Fla. 1st DCA 2001). Holding a carjacking victim down in her own car while travelling 200 yards before forcibly ejecting the victim from the vehicle is also a “confinement,” Cathcart v. State, 643 So.2d 702, 703 (Fla. 4th DCA 1994), as is the removal of a child from a location near her home to a place or places unknown for a period of at least four hours with the knowledge or consent of the child’s parents, Miller v. State, 233 So.2d 448, 450 (Fla. 1st DCA 1970). However, holding a victim in a headlock in order to shoot the victim is not a “confinement.” Mackerley v. State, 754 So.2d 132, 137 (Fla. 4th DCA 2000), quashed on other grounds, 111 So.2d 969 (Fla.2001).
We may also shed some light on the meaning of “confining” in the context of the specific charge against Mr. Conner by examining the decisions that have found the evidence to support a conviction for kidnapping under subsection (l)(a)(3). The facts in these cases have generally involved the movement of the victim within a structure and the holding of the victim in a particular room or rooms within the structure, the holding *398 of the victim in a moving vehicle, or the binding of the victim.
Id. at 1124 (footnotes omitted). The Second District reversed the defendant’s conviction for kidnapping, concluding the evidence was insufficient to constitute confinement necessary to establish kidnapping (even though the defendant’s actions undoubtedly terrorized the young victim). The victim’s freedom of movement was restricted when she was pushed to the ground and choked, but the momentary restraint did not, in the court’s judgment, amount to asportation or confinement of the victim that amounted to kidnapping. Id.
In the present case, too, the evidence is insufficient to prove asportation or confinement that amounts to kidnapping. The state has brought to our attention no case in which a conviction for kidnapping under section 787.01(l)(a)3. was upheld in the absence of asportation, where the putative victim was not bound, and where restraint incidental to another crime lasted no longer than commission of the other crime.* Accordingly, while the judgment and sentence for sexual battery with a deadly weapon stands, we reverse the judgment and sentence for kidnapping.
Reversed.
LEWIS, C.J. and WETHERELL, J„ concur.

 Cf. Allen v. State, - So.3d -, -, 2013 WL 3466777, 38 Fla. L. Weekly S592, S596 (Fla. July 11, 2013) (finding sufficient evidence to support the kidnapping conviction pursuant to section 787.01(l)(a)3. when the victim was confined for "a substantial period of time, during which ... [the victim's] legs were tied with a belt so that she could not move” and noting that the facts established "the kidnapping was not merely incidental to the killing, but was sufficiently separate from the murder”); Kopsho v. State, 84 So.3d 204, 218 (Fla.2012) (affirming conviction for kidnapping pursuant to section 787.01(l)(a)3. when the evidence supported a finding that Lynne, the victim, travelling in a truck with Kopsho, "was confined by force against her will at least from the moment Kopsho revealed the gun until she successfully exited the truck” and "any confinement that began while Kopsho and Lynne were in the truck continued as Kopsho chased Lynne along the side of the road”); Perry v. State, 57 So.3d 910, 913 (Fla. 1st DCA 2011) (affirming conviction for kidnapping under section 787.01(l)(a)3. based on evidence that the "beating administered by Appellant lasted at least seven minutes and involved the victim being beaten in one room, dragged by her hair into another room where the beating continued, and then dragged by her neck or hair outside where the beating concluded”); Maldonado Melendez v. State, 51 So.3d 624, 625 (Fla. 5th DCA 2011) (affirming conviction under section 787.01(1)(a)3., based on evidence he "dragged the victim at gunpoint, by her hair, down a hallway and up half a flight of stairs to a more secluded landing in the back of a building”); State v. Lumarque, 990 So.2d 1241, 1241-42 (Fla. 3d DCA 2008) (concluding there was sufficient evidence to withstand a motion to dismiss the charge of kidnapping with the intent to inflict bodily harm upon or to terrorize the victim when the victim "testified that Lumarque grabbed her by the neck and dragged her through the house to her bedroom, where he strangled her, smothered her with a pillow, and forced her to perform oral sex”); Lee v. State, 770 So.2d 231, 231-32 (Fla. 3d DCA 2000) (affirming conviction under section 787.01(1)(a)3. and concluding that evidence the “victim was dragged by her throat for almost ten feet from one room to another in the course of the defendant's vicious attack upon her is sufficient to demonstrate the confinement, abduction or imprisonment required to establish any form of kidnapping”).