On Motion for Rehearing

PER CURIAM.
We previously denied petitioner’s successive petition alleging ineffective assistance of appellate counsel (IAAC) by order citing Francois v. Wainwright, 470 So.2d 685, 686 (Fla.1985), and Xiques v. Dugger, 571 So.2d 3, 4 (Fla. 2d DCA 1990). Petitioner moves for rehearing, arguing that he was entitled to file a successive petition pursuant to Florida Rule of Appellate Procedure 9.141(d)(6)(C) which provides:
The court may dismiss a second or successive petition if it does not allege new grounds and the prior determination was on the merits, or if a failure to assert the grounds was an abuse of procedure.
Petitioner asserts that his successive petition alleged a new ground and was not an abuse of procedure. Petitioner shows no extraordinary circumstances that prohibited him from raising the issue in the first petition, and we deny the motion for rehearing.
It is well recognized that generally only one Rule 3.850 motion or IAAC petition is allowed. See Baker v. State, 878 So.2d 1236, 1243 (Fla.2004); Christopher v. State, 489 So.2d 22, 24 (Fla.1986); see also Jackman v. State, 88 So.3d 325, 327 (Fla. 4th DCA 2012) (en banc).
Rule 9.141(d)(6)(C) treats successive IAAC petitions similarly to successive Rule 3.850 motions for postconviction relief. Rule 3.850(h) limits movants to one Rule 3.850 motion unless extraordinary circumstances are shown. A court may dismiss a successive motion that raises new grounds if there is no good cause for the failure to have raised the grounds in the prior motion. Id. The Florida Supreme Court long ago observed:
The abuse of the procedure doctrine, as recently codified in rule 3.850, is now expanded to allow a court to summarily deny a successive motion for post-conviction relief unless the movant alleges that the asserted grounds were not known and could not have been known to the movant at the time the initial motion was filed. Further, the movant must show justification for the failure to raise the asserted issues in the first motion.
Christopher, 489 So.2d at 24 (citations omitted). The burden is on the movant to *1068 show extraordinary circumstances and good cause for having failed to raise the “new” claim in the prior motion.
The same principles are stated in Francois and Xiques with respect to petitions alleging ineffective assistance of appellate counsel. Courts routinely deny successive petitions under Xiques and the rule. E.g. Hernandez v. State, 990 So.2d 1116, 1117 (Fla. 3d DCA 2008); Marzullo v. State, 908 So.2d 1144, 1145 (Fla. 1st DCA 2005). The authority to allow a successive IAAC petition is discretionary, not mandatory. The burden is on the petitioner to show extraordinary circumstances and good cause for the failure to have raised the issue in the prior petition.
Here, petitioner alleged that when he filed his prior petition, he was not aware of Mullins v. State, 766 So.2d 1136 (Fla. 2d DCA 2000), regarding whether it is eiTor to allow witnesses to testify in prison clothing. The motion for rehearing refers to petitioner’s lack of education, and the limited abilities of prisoners to conduct legal research from within the prison system. The discovery of a case does not excuse the failure to have raised the issue in his first petition.
We are not unsympathetic to the plight of inmates attempting to conduct legal research from prison, but a prisoner’s recent discovery of an already existing case simply does not constitute extraordinary circumstances or good cause. To permit a successive motion/petition in this situation would be inconsistent with the intent of the rule and the general principles underlying the abuse of procedure doctrine. Generally, only one postconviction motion or petition alleging ineffective assistance of appellate counsel is allowed. Mullins issued more than a decade before petitioner filed his first petition. Petitioner’s recent discovery of this case is not good cause to permit a successive petition. Prisoners are not exempt from the rule prohibiting successive petitions.

Motion for rehearing denied.

WARNER, TAYLOR and CONNER, JJ., concur.