NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

VINCENTE CARBAJAL, a/k/a )
VINCENTE EJIAS REYES-CARBAJAL, )
)
   Appellant, )
)
v. )  Case No. 2D14-1756
)
STATE OF FLORIDA, )
)
   Appellee. )
              )

Opinion filed October 10, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Michelle Sisco,
Judge.

VILLANTI, Judge.

   Vincente Carbajal appeals an order dismissing as successive the second

of two timely filed motions for postconviction relief. Some of Carbajal's allegations are

ambiguous or facially insufficient; consequently, the files and records accompanying the

postconviction court's dismissal order do not fully support a conclusion that all of his

claims are successive. Because the postconviction court should have given Carbajal

one opportunity to amend his motion before dismissing it as successive, we affirm in

part, reverse in part, and remand for further proceedings.

In 2011, Carbajal entered a negotiated guilty plea to two counts of armed kidnapping, one count of robbery with a firearm or deadly weapon, and one count of carjacking with a firearm. He was sentenced to a combination of sentences totaling fifty years in prison. This court affirmed Carbajal's convictions and sentences on direct appeal. See Reyes-Carbajal v. State, 112 So. 3d 108 (Fla. 2d DCA 2013) (table decision). Mandate issued on May 7, 2013.

On June 2, 2013, Carbajal filed a timely motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised three claims regarding the filing of the information. The postconviction court found the claims to be frivolous and denied the motion on July 11, 2013.

Subsequently, Carbajal filed a second rule 3.850 motion on January 30, 2014, raising eight claims for relief. Four of these claims made allegations of ineffective assistance of counsel; three claims (claims one, two, and three) made allegations concerning newly discovered evidence in the form of DNA test results; and one claim made an allegation of cumulative error. The three claims concerning the newly discovered DNA evidence did not contain an allegation as to when Carbajal learned of the existence of this evidence. Nevertheless, the postconviction court dismissed this motion in its entirety as successive.

Rule 3.850(h)(2) permits a court to dismiss a postconviction motion as successive if it finds there was "no good cause for the failure of the defendant . . . to have asserted those grounds in a prior motion." In dismissing the motion, the postconviction court's order must be accompanied by "that portion of the files and records necessary to support the court's ruling." Id. We recognize that "[t]he burden is

on the movant to show extraordinary circumstances and good cause for having failed to raise the 'new' claim in the prior motion." Morris v. State, 134 So. 3d 1066, 1067-68 (Fla. 4th DCA 2013). But if a movant's allegations are facially insufficient in this regard, the postconviction court may not simply deny or dismiss the motion. Instead, the court must afford the movant an opportunity to correct the deficiencies if he or she can do so in good faith. See Fla. R. Crim. P. 3.850(f)(2) ("If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonappealable order allowing the defendant 60 days to amend the motion."); Spera v. State, 971 So. 2d 754, 761 (Fla. 2007).

Here, Carbajal did not allege in his second motion exactly when he became aware of the allegedly new DNA evidence, other than that it was "subsequent to the plea agreement, judgment and sentence." Without knowing when Carbajal learned of this allegedly new evidence, it was simply not possible for the postconviction court to determine that the motion was truly successive under rule 3.850(h)(2). Accordingly, we reverse the dismissal of claims one, two, and three of Carbajal's second motion for postconviction relief and remand for the postconviction court to give him an opportunity to amend those claims with a good faith allegation concerning when and how he learned of the existence of the allegedly exculpatory DNA test results. In all other respects, we affirm the dismissal of the motion as successive.

Affirmed in part; reversed in part; remanded.

KHOUZAM and BLACK, JJ., Concur.