COHEN, J.
Kenneth Somers appeals following his convictions for kidnapping with intent to inflict bodily harm or terrorize, attempted second-degree murder, and aggravated battery with a deadly weapon. Somers claims that the trial court erred by failing to grant a judgment of acquittal, denying a motion for mistrial, and imposing a vindictive sentence. We find error only in the sentence.
First, citing Mobley v. State, 409 So.2d 1031 (Fla.1982), Somers argues that the State failed to establish that the confinement element of the kidnapping charge was not merely incidental to the other crimes charged. However, Somers was charged with kidnapping under section 787.01(l)(a)3., Florida Statutes, which states: “The term ‘kidnapping’ means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to ... inflict bodily harm upon or to terrorize the victim or another person.” § 787.01(1)(a)3., Fla. Stat. (2013). Under this portion of the kidnapping statute, the State need not prove that the confinement is independent of the related crime. See Allen v. State, *1079 137 So.3d 946, 959-60 (Fla.2013); Melendez v. State, 51 So.3d 624, 624-25 (Fla. 5th DCA 2011). Thus, we find no error in the denial of the motion for judgment of acquittal.
Next, Somers claims that the trial court erred in denying his motion for mistrial based on a witness’s comment regarding Somers’s exercise of his right to remain silent. The comment occurred during the investigating detective’s testimony:
PROSECUTOR: Okay. Did you make contact with the defendant?
WITNESS: Yes, ma’am, I did.
PROSECUTOR: Were you able to make any observations of the defendant’s person?
WITNESS: Yes, I did. The defendant was very calm. He — I remember he had bloody shoes. And he — I remember he didn’t want to speak to me.
DEFENSE COUNSEL: Objection.
THE COURT: Sustained. Ladies and gentlemen of the jury, you are to disregard that last statement. It goes back •to what we talked about at the outset of the trial. A comment on the defendant’s lack of a statement is inappropriate. And you are to completely ignore that last statement.
The court then asked each juror if he or she understood the curative instruction; every juror responded that they did. During a bench conference that occurred immediately thereafter, defense counsel moved for a mistrial. The court asked defense counsel if she would like an additional curative instruction; she declined. The trial court then denied the motion for mistrial.
A trial court’s ruling on a motion for mistrial is reviewed for an abuse of discretion. Poole v. State, 997 So.2d 382, 391 (Fla.2008); Perez v. State, 919 So.2d 347, 363 (Fla.2005). A mistrial is warranted only when the error is so prejudicial that it vitiates the entire trial. See Poole, 997 So.2d at 391. The State does not dispute that the comment was improper. One would like to think that a sixteen-year veteran of a law enforcement agency, who has attained the rank of detective, would understand the impropriety of her comment. Nonetheless, the question is whether the comment vitiates confidence in the jury’s verdict. Because it was not solicited by the prosecutor, was isolated in nature, and was well-handled by the trial court with an appropriate curative instruction, we find that it does not.
Finally, Somers did establish reversible error in sentencing. The trial judge clearly made efforts to walk the fine line of ensuring that Somers was aware of the maximum sentence, as well as any plea offers. However, the sheer volume of his efforts to obtain a plea, combined with the discrepancy between the plea offer and sentence imposed, create a presumption of vindictiveness unrebutted by the record.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED FOR RE-SENTENCING BEFORE A DIFFERENT JUDGE.
LAWSON and BERGER, JJ., concur.