COHEN, J.
Mark Koons seeks review of the trial court’s summary denial of his second Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We affirm.
Koons’s initial Rule 3.850 motion raised three grounds for relief. The trial court summarily denied that motion, and this Court per curiam affirmed. See Koons v. State, 140 So.3d 597 (Fla. 5th DCA 2014). Koons then filed a successive 3.850 motion, raising nine grounds for relief. The trial court summarily denied the second motion on the ground that it was successive.
Under the current version of Rule 3.850(h)(2), a trial court cannot deny a successive 3.850 motion simply because it is successive; instead, the court may deny it provided that certain conditions are met. See Fla. R. Crim. P. 3.850(h)(2). That rule states:
A second or successive motion is an extraordinary pleading. Accordingly, a court may dismiss a second or successive motion if the court finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the defendant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure or there was no good cause for the failure of the defendant or defendant’s counsel to have asserted those grounds in a prior motion. When a motion is dismissed under this subdivision, a copy of that portion of the files and records necessary to support the court’s ruling shall accompany the order denying the motion.
Fla. R, Crim. P. 3.850(h)(2).
When filing a successive 3.850 motion, the burden is on the movant to allege grounds that are new and different than those raised in the previous motion and justify his or her failure to raise the asserted grounds in the previous 3.850 motion. Christopher v. State, 489 So.2d 22, 24 (Fla.1986); Morris v. State, 134 So.3d 1066, 1067-68 (Fla. 4th DCA 2013); see also Fla. R. Crim. P. 3.850(c)(5) (“The motion must also include an explanation of ... the reason or reasons the claim or claims in the present motion were not raised in the former motion or motions.”). The movant may do this by, for example, alleging that the grounds asserted were not known and could not have been known to him at the time of the earlier motions. See Zeigler v. State, 632 So.2d 48, 51 (Fla.1993); Christopher, 489 So.2d at 24. When the movant fails to allege new and different grounds, or fails to allege good cause for why the new and different *720 grounds were not alleged earlier, the court may summarily deny the motion as successive. See Fla. R. Crim. P. 3.850(h)(2). But when the movant does allege new and. different grounds and justifies the failure to raise those grounds in the first motion, the court must make a specific finding that “the failure of the defendant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure or there was no good cause for the failure” before summarily denying the motion. See Fla. R.Crim. P. 8.850(h)(2).
Here, Koons’s successive motion did not allege that the grounds asserted were new and different. Nor did it allege any good cause for failing to raise any new and different claims in his first 3.850 motion. Because the motion was facially insufficient and Koons failed to meet his burden, we affirm the trial court’s order.[1]
AFFIRMED.
WALLIS and EDWARDS, JJ., concur.

. Although the trial court should have provided Koons an opportunity to amend his facially insufficient motion, Koons does not raise this issue on appeal. See Fla. R. Crim. P. 3.850(f)(2) ("If the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfinal, nonap-pealable order allowing the defendant 60 days to amend the motion.”); Carbajal v. State, 148 So.3d 539, 540 (Fla. 2d DCA 2014).