IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHRISTOPHER WILLIAMS,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2244

_____/

Opinion filed May 12, 2016.

An appeal from the Circuit Court for Suwannee County.
David W. Fina, Judge.

Nancy A. Daniels, Public Defender, Glenna Joyce Reeves, Tallahassee, for
Appellant.

Pamela Jo Bondi, Attorney General, David Llanes and Matthew Pavese, Assistant
Attorneys General, Tallahassee, for Appellee.

PER CURIAM.

     AFFIRMED.

LEWIS and THOMAS, JJ., CONCUR; MAKAR, J., CONCURS WITH OPINION.

MAKAR, J., concurring.

Defendant brutally beat, stabbed multiple times, and sexually battered the victim in her bedroom, locking the door behind him as he moved her inward before his savagery began. Convicted of sexual battery, attempted first-degree murder, aggravated battery, and kidnapping while armed with a weapon, he claims the kidnapping count fails under our decision in Miller v. State, 124 So. 3d 395 (Fla. 1st DCA 2013), because the confinement of his victim was incidental to the other charges. Miller cannot, and should not, be read so broadly.

Kidnapping, as charged in this case, means "forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority with intent to . . . [i]nflict bodily harm upon or to terrorize the victim or another person." § 787.01(1)(a)3, Fla. Stat. (2014). Defendant's captivity of the victim readily falls within this statute's proscription. But he says that the confinement of the victim to her room was no longer than necessary to have committed the other felonies, attempted murder, sexual battery, and aggravated battery, making it incidental and non-actionable.

Miller does not advance defendant's argument because the only act of confinement in that case was "placing a pillow over the victim's face," which was deemed to be an incidental act that occurred simultaneously with the sexual battery that occurred. Miller, 124 So. 3d at 398 (it "lasted no longer than commission of the

2

other crime"). Here, the defendant went well beyond what <u>Miller</u> deemed insufficient.[1] He menacingly approached and entered the victim's bedroom carrying a knife, moving her inside as he locked the door, thereby confining the victim at that point; this was a separate, divisible, actionable offense. The State wasn't required to prove that the kidnapping was independent of the other crimes; instead, a kidnapping charge is actionable if the kidnapping is "not merely incidental to the killing, but was sufficiently separate from" the other crimes. <u>Allen v. State</u>, 137 So. 3d 946, 960 (Fla. 2013); <u>Somers v. State</u>, 162 So. 3d 1077, 1078 (Fla. 5th DCA 2015) (under section 787.01(1)(a)3, Florida Statutes, "the State need not prove that the confinement is independent of the related crime."). That the lock was on the inside of the door didn't lessen the victim's confinement; a jury could easily find she was restrained by a knife-wielding, rageful aggressor that was a precursor to, but not coterminous with, the vicious stabbings and beatings that occurred thereafter (including tying the victim's belt around her neck and lifting her off the bed thereby). And that the victim was able to flee and seek help soon after defendant's flight, doesn't diminish that she had already been confined unlawfully. Defendant's prefatory actions were not merely minor, incidental acts subsumed within the other crimes committed. <u>See generally</u> Frank J. Wozniak, Annotation, <u>Seizure or detention</u>

---

[1] <u>See also</u> <u>Mackerley v. State</u>, 754 So. 2d 132, 137 (Fla. 4th DCA 2000) (placing victim in a headlock to shoot him is incidental confinement), <u>quashed on other grounds</u>, 777 So. 2d 969 (Fla. 2001).

for purpose of committing rape, robbery, or other offense as constituting separate crime of kidnapping, 39 A.L.R.5th 283 (1996 & Supp. 2016) (collecting cases regarding "whether the seizure or the detention of the victim of a rape, robbery, or similar offense would be sufficient to constitute the separate crime of kidnapping"). The trial court was correct to reject the defendant's argument that "there was no action on [defendant's] part to attempt to confine her nor to restrict her freedom."