# Third District Court of Appeal
## State of Florida

Opinion filed April 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1520
Lower Tribunal No. F13-26313A

_____

**Marcelyn Mathieu,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Teresa Pooler, Judge.

AsiliA Law Firm P.A., and Jeremy McLymont, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before LOGUE, MILLER, and BOKOR, JJ.

PER CURIAM.

Affirmed.  See Fla. R. Crim. P. 3.850(b) ("A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final . . . ."); Cave v. State, 289 So. 3d 980, 981 (Fla. 1st DCA 2020) ("For purposes of [Florida Rule of Criminal Procedure 3.850], the two-year period begins to run when appellate proceedings have concluded and the court issues a mandate . . . ."); Mathieu v. State, 258 So. 3d 528, 529 (Fla. 3d DCA 2018) (affirming defendant's conviction by jury and sentence on charges of second-degree murder with a firearm and accessory after the fact); see also Card v. Dugger, 512 So. 2d 829, 830 (Fla. 1987) ("Where an initial motion for post-conviction relief raises the claim of ineffective assistance of counsel, the trial court may summarily deny a successive motion which raises additional grounds for ineffective assistance of counsel.").