# Third District Court of Appeal

## State of Florida

Opinion filed January 14, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2582
Lower Tribunal No. F22-19400
_____


**Tavaris Mack,**
Petitioner,

vs.

**State of Florida,**
Respondent.


A Case of Original Jurisdiction – Habeas Corpus.

Tavaris Mack, in proper person.

James Uthmeier, Attorney General, for respondent.


Before FERNANDEZ, MILLER, and GOODEN, JJ.

MILLER, J.

Petitioner, Tavaris Mack, seeks an emergency writ of habeas corpus discharging an active but unexecuted probation violation arrest warrant. In furtherance of relief, Mack primarily contends the warrant flows from an involuntary plea agreement procured by duress and coercive tactics on the part of the State. Although the Supreme Court has observed that a petition for writ of habeas corpus may be used "to attack future confinement and obtain future releases," this court has rejected Mack's argument in prior habeas proceedings.[1] See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). Under these circumstances, Mack is procedurally barred from raising his claim before us in the first instance. See Johnson v. Singletary, 647 So. 2d 106, 109 (Fla. 1994) ("Successive habeas corpus petitions seeking the same relief are not permitted nor can new claims be raised in a second petition when the circumstances upon which they are based were known or should have been known at the time the prior petition was filed.") (citing Card v. Dugger, 512 So. 2d 829 (Fla. 1987)); see also Moss v. Singletary, 705 So. 2d 947, 947 (Fla. 1st DCA 1998) (affirming an appeal from the trial court's

---

[1] See 3D25-2175 (dismissing habeas petition without prejudice to seek review of issues raised in the trial court); 3D25-2019 (denying petition for writ of prohibition or, alternatively, writ of mandamus claiming probation contract was the product of coercion and imposed impermissible terms); see also 3D25-1898 (dismissing appeal seeking to declare probation contract void for lack of jurisdiction).

denial of a successive petition for writ of habeas corpus under the same line of authority).  We therefore deny the petition.  But in so doing, we do not purport to extinguish Mack's right to seek relief in the trial court.

Petition denied.